**IN THE UNITED STATESS DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| B.J. SMITH, BRADFORD ZINN, | ) | |
| and JERED ROSS, | ) | |
| | ) | Case No. 22-CV-02048 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| HIGHLAND COMMUNITY | ) | |
| COLLEGE (HCC), THE BOARD OF | ) | |
| TRUSTEES FOR HCC, RUSSELL KARN, | ) | |
| DEBORAH FOX, and BRYAN DORREL, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT BRYAN DORREL'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

COME NOW Defendant Bryan Dorrel ("Defendant Dorrel"), by and through his undersigned counsel, and for his Answer to Plaintiffs' Complaint states as follows:

**PRELIMINARY STATEMENT**

1.      Defendant Dorrel denies the allegations contained in paragraph 1 of Plaintiffs' Complaint. There is not now, nor has there even been, any informal or formal policy, pattern, or practice of racial discrimination or harassment at Highland. Such allegations are absurd. When former Highland Community College ("Highland") President David Reist retired, he sent a memo dated June 10, 2019, to the Highland coaching staff with his thoughts on how to be a successful coach at Highland. See **Exhibit A**. The June 10th memo provided his insight as the longtime Highland President, former Highland faculty member and assistant coach, and longtime resident of Highland, Kansas. Mr. Reist's memo covered a lot of different areas and provided a lot of background and insight as to his philosophy and outlined the unique challenges and opportunities that existed for Highland athletics. None of his comments or guidance was related to the race of Highland's student-athletes.

2.      Defendant Dorrel denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.  Plaintiffs were given a letter dated December 20, 2019 providing them notice of the concerns of academic dishonesty.  Plaintiffs were fully aware of the charges against them and had full opportunity to respond to those charges.  Highland concluded, through its investigation, that Plaintiffs were involved in academic dishonesty involving some Highland student athletes.  The allegations against the Plaintiffs were not "bogus."

3.      Defendant Dorrel denies the allegations contained in paragraph 3 of Plaintiffs' Complaint.  The allegations directed at Dr. Bryan Dorrel in paragraph 3 are utterly and completely false and outrageous. There was never any purpose or "strategy" to reduce the number of African-American athletes at Highland, let alone a "three-prong strategy" for doing so. Dr. Dorrel was hired by Highland in September of 2019, and, upon being hired, Dr. Dorrel was asked to provide leadership and guidance to the athletic department on a number of existing concerns and issues emphasized by President Fox and the Board of Trustees, including such matters as academic performance (Highland had just finished last in overall academic GPA for the Jayhawk Conference), an open alcohol and drug use culture and other on and off the field behavior issues, and establishing and improving relationships with area and Kansas high schools and the recruiting of Kansas student-athletes (the Jayhawk Conference had recently changed its rules and was limiting to 55 the number of out-of-state student athletes on an 85-man football roster, and there were proposals to make similar changes in other sports). None of these issues or matters had anything to do with the race of any current or prospective student-athlete, and Dr. Dorrel himself never considered, nor encouraged or countenanced others to consider, the race of a student-athlete or any other person in addressing these issues and matters. African-American student-athletes from within Kansas and from outside of Kansas continued to be actively recruited, and neither the race

nor the hair style of a current or prospective student-athlete was ever a consideration. The allegation that Dr. Dorrel directed coaches to recruit white student-athletes instead of African-American student-athletes or to scrutinize a student-athlete based on their skin-color or hair style is completely and totally outrageous and false. Defendant Bryan Dorrel believes any suggestion otherwise is a malicious lie.

4.     Defendant Dorrel admits that Highland, through The Highland Board of Trustees ("The Board"), selected and hired Deborah Fox as the President of Highland.  None of the defendants had a strategy at any time to reduce the number of African-American students or African-American student-athletes.  Defendant Dorrel denies each and every other allegation contained in paragraph 4 of Plaintiffs' Complaint.

5.     Defendant Dorrel denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.  Defendant Dorrel understands that the decision to suspend the Plaintiffs occurred, and was communicated to them, before any news articles or complaints by any of them.

6.     Defendant Dorrel admits Plaintiffs bring certain claims as outlined in their Complaint and states that all Plaintiffs had notice of the allegations made against them and opportunity to respond, but denies each and every other allegation contained in paragraph 6 of Plaintiffs' Complaint.

**JURISDICTION AND VENUE**

7.     Defendant Dorrel admits the Court has jurisdiction but denies each and every other allegation contained in paragraph 7 of Plaintiffs' Complaint.

8.     Defendant Dorrel admits the Court has jurisdiction but denies each and every other allegation contained in paragraph 8 of Plaintiffs' Complaint.

9.      Defendant Dorrel admits the venue is proper in this district but denies each and every other allegation contained in paragraph 9 of Plaintiffs' Complaint.

## THE PARTIES

10.     Defendant Dorrel admits the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Defendant Dorrel admits that Plaintiff Bradford Zinn is the former Assistant Coach of women's basketball at Highland, but is without sufficient information to admit or deny each and every other allegation contained in paragraph 11 of Plaintiffs' Complaint and therefore denies the same.

12.     Defendant Dorrel admits that Plaintiff Jerod Ross is the former Assistant Coach of women's basketball at Highland, but is without sufficient information to admits or deny each and every other allegation contained in paragraph 12 of Plaintiffs' Complaint and therefore denies the same.

13.     Defendant Dorrel admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendant Dorrel states that the allegations contained in paragraph 14 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response.  To the extent a response is later deemed to be required, Defendant Dorrel denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendant Dorrel admits that Highland is the recipient of various forms of federal funding, primarily through grants, student loans, and other stimulus funding.  Defendant Dorrel denies each and every other allegation contained in paragraph 15 of Plaintiffs' Complaint.

16.     Defendant Dorrel admits that Defendant Deborah Fox is the President of Highland and has served in this position since at least August 2019.  Defendant Dorrel states each and every other allegation contained in paragraph 16 of Plaintiffs' Complaint contain legal conclusions such that further response is not required. To the extent a response is later deemed to be required, Defendant Dorrel denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendant Dorrel admits that Defendant Bryan Dorrel is the Athletic Director of Highland and has served in that position since at least September 2019.  Defendant Dorrel further admits that Defendant Bryan Dorrel had the ability to implement and formulate certain policies and practices related to student-athlete recruitment, conduct, and eligibility subject to approval by Highland and/or Defendant Deborah Fox.  Defendant Dorrel states that each and every other allegation contained in paragraph 17 of Plaintiffs' Complaint contain legal conclusions such that further response is not required.  To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Defendant Dorrel admits that Defendant Russell Karn is a member of The Board. Defendant Dorrel states each and every other allegation contained in paragraph 18 of Plaintiffs' Complaint contain legal conclusions such that further response is not required.  To the extent a response is later deemed to be required, Defendant Dorrel denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Defendant Dorrel admits that the Defendant named as the Board of Trustees is the governing body for Highland and that The Board included Russell Karn, Tom Smith, Vernie Coy, Charles Huss, Jason Taylor, and Carl Tharmann.  Defendant Dorrel denies each and every other allegation contained in paragraph 19 of Plaintiffs' Complaint.

20.     Defendant Dorrel states that the allegations contained in paragraph 20 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response.  To the extent a response is later deemed to be required, Defendant Dorrel denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

21.     Defendant Dorrel admits that Highland is a two-year junior college located in Highland, Kansas, a rural community in the northeast part of the states.  Defendant Dorrel further admits that Highland, Kansas has a population of around 1,000 people.  Defendant Dorrel denies the allegations in Footnote 1 that African American student-athletes "were required to declare Kansas residency."  Defendant Dorrel is without sufficient information to admit or deny each and every other allegation contained in paragraph 21 of Plaintiffs' Complaint and therefore denies the same.

22.     Defendant Dorrel admits the allegations contained in paragraph 22 of Plaintiffs' Complaint.  Defendant Dorrel is without sufficient information to admit or deny the purported allegations contained in paragraph 22, footnote 2 of Plaintiffs' Complaint, and therefore denies the same.

23.     Defendant Dorrel admits that Highland enrolls around 3,000 students and that many of its student-athletes historically have been African-American.  Defendants denies each and every other allegation contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendant Dorrel admits the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendant Dorrel admits that Plaintiff Smith won many games while he was the women's basketball coach at Highland.  Defendants also states that it was well-known that Coach

Smith inflated his record by playing an easy out-of-conference schedule and running up the score on teams that Highland probably should not have been playing in the first instance.  In other words, Plaintiff B.J. Smith tended to schedule and play games that he knew would be non-competitive to inflate his record.  Defendants denies each and every other allegation contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendant Dorrel admits that Plaintiff B.J. Smith won many games while he was the women's basketball coach at Highland.  Defendants also states that Plaintiff Smith seemed to prioritize winning above basically everything else, including but not limited to academics or other important metrics.  Defendants denies each and every other allegation contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant Dorrel is without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiffs' Complaint and therefore denies the same.

28.     Defendant Dorrel denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant Dorrel denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant Dorrel admits that Plaintiff Jered Ross attended Highland from 2013 through 2014 and served as a practice player for Plaintiff B.J. Smith and the women's basketball team.  Defendant further admits that Plaintiff B.J. Smith hired Plaintiff Ross as an assistant coach.  Defendant is without sufficient information to admit or deny each and every other allegation contained in paragraph 30 of Plaintiffs' Complaint and therefore denies the same.

31.     Defendant Dorrel is without sufficient information to admit or deny the allegations contained in paragraph 31 of Plaintiffs' Complaint and therefore denies the same.

32.     Defendant Dorrel is presently without sufficient information to admit or deny whether Ross was named "a young coach to watch" by World Exposure Report in November 2019. However, Defendant states that it is his understanding that World Exposure Report is a recruiting service founded by Plaintiff B.J. Smith's former assistant Donnie Woods and therefore the unbiased nature of any awards or recognitions coming from that source is questionable.  Defendant denies each and every other allegation contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant Dorrel admits that Plaintiff Bradford Zinn joined the staff of the women's basketball team in 2017.  Defendant is without sufficient information to admit or deny each and every other allegation contained in paragraph 33 of Plaintiffs' Complaint and therefore denies the same.

34.     Defendant Dorrel denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant Dorrel admits the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant Dorrel admits that Highland, through The Board, selected and hired Deborah Fox as the President of Highland.  Neither the Board nor Highland had a strategy at any time to reduce the number of African-American students or African-American student-athletes. Defendant Dorrel specifically denies any comment or statement attributed to him or anyone else affiliated with, or speaking for, Highland that Highland sought to "make Highland white again." No such comment was ever made.  Defendant Dorrel denies each and every other allegation contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant Dorrel admits that Defendant Fox had no prior experience as a college president or college vice president.  Defendant Dorrel admits that Defendant Deborah Fox had

experience as a finance administrator for the Independence, Kansas School District and had significant experience working at Highland prior to her being hired as President.  As a former VP of Finance at Highland, Defendant Fox held a high-ranking administration position at the collegiate level.  Defendant Dorrel denies each and every other allegation contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant Dorrel admits that Athletic Director Tyler Nordman resigned sometime after Defendant Fox was hired as President but denies each and every other allegation contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant Dorrel admits the allegations contained in paragraph 39 of Plaintiffs' Petition.

40.     Defendant Dorrel admits that Defendant Deborah Fox ultimately, and within the authority she had as President of Highland, hired Bryan Dorrel as Highland Athletic Director in 2019.  Defendant Dorrel states that he believes the Athletic Director position was advertised locally, statewide, and nationally.  Defendant Dorrel states that he believes the search committee, an advisory committee only, interviewed candidates but did not recommend any of them for hire. Defendant Dorrel further states that he contacted Defendant Deborah Fox, with whom he worked at Highland from 1997 through 1999 and with whom he had maintained a professional relationship since that time, to assist with finding candidates for Highland's assistant athletic training position. At some point, Defendant Fox offered him the job of Athletic Director, which he ultimately accepted.  Defendant Dorrel denies each and every other allegation contained in paragraph 40 of Plaintiffs' Complaint.

41.     Defendant Dorrel admits that he never formally applied for the Athletic Director position and never met or interviewed with the search committee, but is without sufficient

information to admit or deny each and every other allegation contained in paragraph 41 and therefore denies the same.

42.     Defendant Dorrel admits that he had no prior experience as an athletic director or assistant athletic director, but Dorrel had relevant experience as an athletic trainer.  Defendant Dorrel also had 26 years of experience in higher education, collegiate athletes, and administration. Defendant Dorrel further states that he has a PhD in athletic training, a sports medicine related field.  Defendant Dorrel had 24 years of experience working directly with athletic departments either as a full-time or part-time athletic department employee.  Defendant Dorrel had significant administrative experience, including instances where he supervised up to 25 employees, student workers, teachers, and/or clinical supervisors.  Defendant Dorrel also managed athletic training rooms and the care of almost 500 student athletes.  Defendant Dorrel denies each and every other allegation contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant Dorrel had an initial meeting with Plaintiff Smith on October 17, 2019, and then again on October 25, 2019.  Defendant Dorrel denies the allegation that he told Plaintiff Smith that he "lacked integrity" or that Coach Smith's "players were an embarrassment to the community."  Defendant Dorrel also denies that he made any comments to Plaintiff Smith during these initial meetings about the race or race-related culture of the student athletes.  Defendant Dorrel likely raised some issues he observed at Highland that were detrimental to the community, the college, community support, and funding.  None of these issues were related to the student athletes' race.  Rather, they included the following: worst overall GPA in the Jayhawk Conference; poor graduation rates; arrests of student athletes; lack of discipline and accountability by the coaches; illicit drug problems; classroom disruptions; lack of relationships with area schools; and lack of recruitment of Kansas student athletes.  Defendant Dorrel asked Plaintiff Smith during the

initial meeting whether he was aware of any violations that needed to be reported.  Plaintiff Smith

responded, after a long pause, that "his mentor and favorite all time coach had a philosophy that

he didn't believe in rules and did whatever he needed to do to win."  Defendant Dorrel further

states that, sometime after the initial meeting on October 17, 2019, he heard from several people

that Plaintiff Smith had made clear his intent to have Defendant Dorrel fired and was questioning

Dorrel's qualifications.  Defendant Dorrel had a second meeting with Plaintiff Smith on or about

October 25, 2019.  During that meeting, Plaintiff Smith vented to Defendant Dorrel and alleged

that Defendant Dorrel had questioned Plaintiff Smith's integrity.  Defendant Dorrel explained to

Plaintiff Smith that he had asked all the coaches the same questions – that is, whether the coach

was aware of any violations that needed to be reported.  Defendant Dorrel also told Plaintiff Smith

that he understood that how he felt, but found it ironic that Plaintiff Smith was the only coach that

complained about the questions Defendant Dorrel was asking and felt that his "integrity" was being

called into question due to the fact that Plaintiff Smith was the only coach at Highland who had

resigned from a prior coaching job amidst allegations of findings of NCAA violations.  Plaintiff

Smith left Defendant Dorrel's office at that point.  Defendant Dorrel denies each and every other

allegation contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendant Dorrel is without sufficient information and belief to admit or deny the

allegations contained in paragraph 44 of Plaintiffs' Complaint and therefore denies the same.

45.     Defendant Dorrel is without sufficient information and belief to admit or deny the

allegations contained in paragraph 45 of Plaintiffs' Complaint and therefore denies the same.

46.     Defendant Dorrel denies the allegations contained in paragraph 46 of Plaintiff's

Complaint.

47.     Defendant Dorrel is without sufficient information and belief to admit or deny the allegations contained in paragraph 47 of Plaintiffs' Complaint and therefore denies the same.

48.     Defendant Dorrel denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Defendant Dorrel admits the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendant Dorrel admits that the Highland football team defeated the No. 1 team in the country (Hutchinson Community College) in late October 2019 the week after numerous Hutch football players had been suspended from the team for unsportsmanlike conduct and did not play in the game against Highland.  Defendant Dorrel denies each and every other allegation contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendant Dorrel denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendant Dorrel denies the allegations, as worded and characterized, in paragraph 52 of Plaintiffs' Complaint.  Defendant Dorrel states that Highland QB Joe Cambridge did not merely "complain about the officiating" but instead chased the officials from the field, followed them all the way to Allen Fieldhouse, and shouted obscenities at them (saying they were "fucking weak").  Defendant Dorrel was told this by Brandon Whetstine, and Dorrel confirmed the incident with the officials who were involved.  Defendant Dorrel also states that there were emails and an official letter related to this incident and that the conduct was determined to be a NJCAA violation that resulted in a 2-game suspension.  Defendant Dorrel also states that he talked with Head Coach Aaron Arnold about the incident and that Coach Arnold did not think it was a big deal and did not want the incident reported.  Defendant Dorrel also spoke with Carl Heinrich about the incident.

Mr. Heinrich confirmed that the incident was, in fact, a big deal and that such incidents are to be handled by the Athletic Director or the President and that Defendant Dorrel was correct in his assessment that it was a rules violation, correct in reporting it, and that the officials were filing or had filed a report regardless of Defendant Dorrel's actions.  Defendant Dorrel sent an email to Coach Arnold about the situation shortly after it occurred regarding what action Dorrel had taken and why he took that action.  Defendant Dorrel denies each and every other allegation contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendant Dorrel denies the allegations, as worded and characterized, in paragraph 53 of Plaintiffs' Complaint.  Defendant Dorrel states that Highland QB Joe Cambridge did not merely "complain about the officiating" but instead chased the officials from the field, followed them all the way to Allen Fieldhouse, and shouted obscenities at them (saying they were "fucking weak").  Defendant Dorrel was told this by Brandon Whetstine, and Dorrel confirmed the incident with the officials who were involved.  Defendant Dorrel also states that there were emails and an official letter related to this incident and that the conduct was determined to be a NJCAA violation that resulted in a 2-game suspension.  Defendant Dorrel also states that he talked with Head Coach Aaron Arnold about the incident and that Coach Arnold did not think it was a big deal and did not want the incident reported.  Defendant Dorrel also spoke with Carl Heinrich about the incident. Mr. Heinrich confirmed that the incident was, in fact, a big deal and that such incidents are to be handled by the Athletic Director or the President and that Defendant Dorrel was correct in his assessment that it was a rules violation, correct in reporting it, and that the officials were filing or had filed a report regardless of Defendant Dorrel's actions.  Defendant Dorrel sent an email to Coach Arnold about the situation shortly after it occurred regarding what action Dorrel had taken

and why he took that action.  Defendant Dorrel denies each and every other allegation contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendant Dorrel denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.     Defendant Dorrel is without sufficient information and belief to admit or deny the allegations contained in paragraph 55 of Plaintiffs' Complaint and therefore denies the same.

56.     Defendant Dorrel denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Defendant Dorrel denies the allegations contained in paragraph 57 of Plaintiffs' Complaint. Defendant Dorrel met with Coach Aaron Arnold on or about September 18, 2019, with respect to 4 football student athletes who had been caught in possession of marijuana.  After a long conversation with Coach Arnold, Defendant Dorrel told him that he needed to develop a disciplinary action plan to be used if his student athletes broke the rules.  Defendant Dorrel told Coach Arnold that the student athletes should be disciplined for marijuana use/possession, alcohol use, DUI, MIP, or domestic/sexual violence.  Defendant Dorrel did not specifically direct Coach Arnold to suspend certain players.  Defendant Dorrel never threatened to fire Coach Arnold either; he does not and did not have the authority to fire a coach.

58.     Defendant Dorrel admits that he had to speak with Coach Arnold's assistant coaches on multiple occasions about their behavior and language (using profanity or cursing) towards the Highland student athletes.  For example, Defendant Dorrel observed and heard some of the assistant football coaches refer to the players as "dumb motherfuckers" or "stupid son of a bitch."  Defendant Dorrel made clear to all Highland coaches that verbally abusive language directed at the student athletes, and/or punishing any student athlete that reported such conduct,

was unacceptable.  Defendant Dorrel denies each and every other allegation contained in paragraph 58 of Plaintiffs' Complaint.

59.     On information and belief, Defendant Dorrel denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.  Defendant Dorrel further states that it's his understanding that Coach Arnold voluntarily resigned his employment and/or retired from Highland, and perhaps coaching altogether, via a resignation letter he submitted to Defendant Fox.

60.     Defendant Dorrel denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendant Dorrel is presently without sufficient information to admit or deny the allegations contained in paragraph 61 of Plaintiffs' Complaint and therefore denies the same.

62.     Defendant Dorrel admits that Jeff Hancock was hired to replace Aaron Arnold. Defendant Dorrel admits that the Highland Football Team went 1-6 in the 2020-2021 season and 2-7 in the 2021-2022 season.  Jerod Powers (African-American) was hired by President Fox, with input from Athletic Director Bryan Dorrel and the Board, to replace Jeff Hancock (white) as head football coach.  Defendant Dorrel denies each and every other allegation contained in paragraph 62 of Plaintiffs' Complaint.

63.     Defendant Dorrel denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Defendant Dorrel denies the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     Defendant Dorrel deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     Defendant Dorrel admits that Plaintiff Smith was allowed to come back after his suspension to coach the Highland women's basketball team, the team finished the 2019-2020 season with a record of 21-3, and that the Covid 19 Pandemic cut the basketball season short. Defendant Dorrel denies each and every other allegation contained in paragraph 66 of Plaintiffs' Complaint.

67.     Defendant Dorrel admits that Plaintiff Smith was told in December 2019 about concerns related to academic dishonesty.  Defendant Dorrel admits that Highland investigated the academic dishonesty concerns.  Defendant Dorrel is without sufficient information to admit or deny the each and every other allegation contained in paragraph 67 of Plaintiffs' Complaint and therefore denies the same.

68.     Defendant Dorrel admits that the Plaintiffs were suspended from their coaching duties in late 2019 and/or early 2020 while the Highland investigation regarding academic dishonesty was undertaken.  Defendant Dorrel admits that the Plaintiff Ross was given 10 days, and Plaintiff Zinn was given 30 days, to vacate their housing.  Defendant Dorrel denies each and every other allegation contained in paragraph 68 of Plaintiffs' Complaint.

69.     Defendant Dorrel denies the allegations contained in paragraph 69 of Plaintiffs' Complaint. To the contrary, the Plaintiffs were found to have violated both Highland and NJCAA rules and regulations.  Highland also hired outside investigators to look into Title IX concerns and those outside investigators found that there were no Title IX violations by Highland.

70.     Defendant Dorrel denies the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendant Dorrel denies the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendant Dorrel denies the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     Defendant Dorrel admits that Kate Ogle's father contacted Highland to request his daughter's transfer from Highland so she could attend school with her sister.  That request was granted.  Defendant Dorrel also states that Kate Ogle was a white player from the states of Kansas. Defendant Dorrel denies each and every other allegation contained in paragraph 73 of Plaintiffs' Complaint.

74.     Defendant Dorrel admits, on information and belief, that one women's basketball game in January 2020 was cancelled due to weather-related issues.  No games were cancelled due to Plaintiffs' suspensions.  Defendant Dorrel denies each and every other allegation contained in paragraph 74 of Plaintiffs' Petition.

75.     Defendant Dorrel admits that Defendant Fox informed the women's basketball team in late December 2019 to let them know that Plaintiffs had been placed on paid leave pending an investigation.  Defendant Dorrel denies the allegations contained in Footnote 3 and any remaining allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Defendant Dorrel admits that the women's basketball team's return to campus date was changed to the same return to campus day as the men's basketball team.  Defendant Dorrel also points out that the original return to campus date was during the break when campus was closed and services such as campus security or dining were not available to the student athletes. Defendant Dorrel denies each and every other allegation contained in paragraph 76 of Plaintiffs' Complaint.

77.     Defendant Dorrel admits the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     Defendant Dorrel admits there was discussion with John Oler about the head women's basketball coaching position, but Coach Oler was only offered the interim women's head basketball coach position.  Defendant Dorrel denies each and every other allegation contained in paragraph 78 of Plaintiffs' Complaint.

79.     Defendant Dorrel denies the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     Defendant Dorrel admits the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     Defendant Dorrel admits that President Fox informed the players that there were concerns about academic dishonesty and that the Plaintiffs had been suspended.  Defendant Dorrel believes the team meeting was recorded and if so, the recording (to the extent it's shown to be accurate and legitimate) is the best evidence of what was said and transpired during the meeting with the players.  Defendant Dorrel believes that the players informed President Fox that they gave their usernames and passwords to their coaches and that President Fox told them they should not do that.  Sharing such information is a violation of the Highland Student Identity Policy.  Defendant Dorrel denies each and every other allegation contained in paragraph 81 of Plaintiffs' Complaint.

82.     Defendant Dorrel admits the allegations contained in paragraph 82 of Plaintiffs' Complaint.  Defendant Dorrel further states that personnel matters related to its coaching staff are confidential and private matters and therefore the details were not disclosed to the players and their parents.  Further, Defendant Dorrel states that Highland was in the midst of an investigation and it was decided it was best not to share all aspects of the investigation with the student athletes while the investigation was ongoing and/or until the investigation had been completed.  Defendant Dorrel denies each and every other allegation contained in paragraph 82 of Plaintiffs' Complaint.

83.     Defendant Dorrel admits that President Fox and Athletic Director Dorrel met with the parents of the student athletes and that the meeting was recorded by one of the parents. Defendant Dorrel denies each and every other allegation contained in paragraph 83 of Plaintiffs' Complaint.

84.     Defendant Dorrel admits the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     Defendant Dorrel states that personnel matters related to its coaching staff are confidential and private matters and therefore the details were not disclosed to the players and their parents.  Further, Defendant Dorrel states that Highland was in the midst of an investigation and it was decided it was best not to share all aspects of the investigation with the student athletes while the investigation was ongoing and/or until the investigation had been completed.  Defendant Dorrel denies each and every other allegation contained in paragraph 85 of Plaintiffs' Complaint.

86.     Defendant Dorrel admits that at least part of the reason for the Plaintiffs' suspensions was to protect the best interests of the student athletes and in that regard, trying to avoid forfeiting any victories or causing further problems for the student athletes who may have been ineligible to participate in the various games.  Defendant Dorrel denies each and every other allegation contained in paragraph 86 of Plaintiffs' Complaint.

87.     Defendant Dorrel denies the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88.     Defendant Dorrel admits that Defendant Dorrel made the comments referenced in paragraph 88 of the Complaint, or something substantially similar.  Defendant Dorrel further states that, on information and belief, there is a recording of the meeting which would be the best evidence of what exactly was said by any participant in the meeting.  Defendant Dorrel denies that

such comments are an example of false and defamatory statements and further denies each and every other allegation contained in paragraph 88 of Plaintiffs' Complaint.

89.     Defendant Dorrel admits that the comments alleged in paragraph 89, or something similar, were made.  Defendant Dorrel further states that, on information and belief, there is a recording of the meeting which would be the best evidence of what exactly was said by any participant in the meeting.  Defendant Dorrel denies that the alleged comments are an example of false and defamatory statements and denies each and every other allegation contained in paragraph 89 of Plaintiffs' Complaint.

90.     Defendant Dorrel denies the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     Defendant Dorrel admits that Plaintiffs' suspension letters from Highland to the Plaintiffs were published on social media by an individual unaffiliated with Highland or the Board.  The news of Plaintiffs' suspensions had already been widely disseminated by the time or before any press release issued by Highland or President Fox.  Defendant Dorrel states that the substance and language contained in any press release is the best evidence of any content allegedly posted and denies any allegations inconsistent with such content.  Defendant Dorrel denies each and every other allegation contained in paragraph 91 of Plaintiffs' Complaint.

92.     Defendant Dorrel admits the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     Defendant Dorrel admits that Plaintiffs Zinn and Ross were asked to meet with The Board and that their requests, if any, to have an attorney present were denied.  Defendant Dorrel denies that Plaintiffs Zinn and Ross were "summoned before The Board" and further denies each and every other allegation contained in paragraph 93 of Plaintiffs' Complaint.

94.     Defendant Dorrel denies the allegations contained in paragraph 94 of Plaintiffs' Complaint. Plaintiffs all received a letter indicating that they had been suspended and therefore had notice of the charges made against them.  The January 15th Board meeting was one of several opportunities for the Plaintiffs to be heard; in other words, Plaintiffs had pre-termination due process.

95.     Defendant Dorrel denies the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.     Defendant Dorrel is presently without sufficient information and belief to admit or deny the allegations contained in paragraph 96 of Plaintiffs' Complaint and therefore denies the same.

97.     Defendant Dorrel is without sufficient information and belief to admit or deny the allegations contained in paragraph 97 of Plaintiffs' Complaint and therefore denies the same.

98.     Defendant Dorrel admits that Plaintiff Smith was reinstated as the Head Women's Basketball Coach in January 2020 and that Plaintiffs Ross and Zinn remained suspended. Defendant Dorrel further states that Plaintiff Ross, an at-will employee, was terminated from employment on January 27, 2020, and given 10 days to vacate campus housing.  Defendant Dorrel further states that Plaintiff Zinn was informed at some point that he was not being recommended for renewal on his contract, but Highland would pay him out through June 30, 2020.  Defendant Dorrel denies each and every other allegation contained in paragraph 98 of Plaintiffs' Complaint.

99.     Defendant Dorrel denies the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.    Defendant Dorrel denies the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.    Defendant Dorrel denies the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.    Defendant Dorrel denies the allegations contained in paragraph 102 of Plaintiffs' Complaint.

103.    Defendant Dorrel denies the allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.    Defendant Dorrel admits that Highland issued a statement on social media on or around February 21, 2020, about the academic dishonesty investigation it was undertaking. Defendant Dorrel further states that the statement itself is the best evidence of what it said. Defendant Dorrel denies each and every other allegation contained in paragraph 104 of Plaintiffs' Complaint.

105.    Defendant Dorrel denies the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.    Defendant Dorrel admits that Highland issued a statement on social media on or around February 21, 2020, about the academic dishonesty investigation it was undertaking. Defendant Dorrel also admits that Highland did not interview any player parents as part of the Highland academic dishonesty investigation. Defendant Dorrel further states that the statement itself is the best evidence of what it said.  Defendant Dorrel denies each and every other allegation contained in paragraph 106 of Plaintiffs' Complaint.

107.    Defendant Dorrel denies the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.    Defendant Dorrel denies the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.    Defendant Dorrel is presently without sufficient information to admit or deny the allegations contained in paragraph 109 of Plaintiffs' Complaint and therefore denies the same.

110.    Defendant Dorrel states that the NJCAA bylaws are the best evidence of what is allowed or not.  Defendant Dorrel is without sufficient information to admit or deny the allegations contained in paragraph 110 of Plaintiffs' Complaint and therefore denies the same.

111.    Defendant Dorrel is without sufficient information to admit or deny the allegations contained in paragraph 111 of Plaintiffs' Complaint and therefore denies the same.

112.    Defendant Dorrel admits that Plaintiff Ross was quoted in a Kansas City Star news article that was published after the date of his termination from employment (January 27, 2020). Defendant Dorrel further states that the news article did not contain any specific allegations or identification of any Highland employees or events, but only included vague and non-descript comments.  Defendant Dorrel denies that Plaintiff Ross had legitimate concerns about racial issues, denies that he ever reported any purported concerns to Highland or Dorrel, and denies each and every other allegation contained in paragraph 112.

113.    Defendant Dorrel admits that the Kansas City Star published an article on or about February 15, 2020 in which Plaintiff Ross was quoted.  Defendant Dorrel states that the best evidence regarding the substance of statements reported in the Kansas City Star are the newspaper articles themselves.  Defendant Dorrel denies any allegations contained in paragraph 113 of Plaintiffs' Complaint that are inconsistent with the newspaper articles.  Defendant Dorrel further states that the news article did not contain any specific allegations or identification of any Highland employees or events, but only included vague and non-descript comments.  Defendant Dorrel denies that Plaintiff Ross had legitimate concerns about racial issues, denies that he ever reported

any purported concerns to Highland or Dorrel, and denies each and every other allegation contained in paragraph 113 of Plaintiffs' Complaint.

114.    Defendant Dorrel admits that the Kansas City Star published an article on or about February 15, 2020 in which Plaintiff Ross was quoted.  Defendant Dorrel states that the best evidence regarding the substance of statements reported in the Kansas City Star are the newspaper articles themselves.  Defendant Dorrel denies any allegations contained in paragraph 114 of Plaintiffs' Complaint that are inconsistent with the newspaper articles.  Defendant Dorrel further states that the news article did not contain any specific allegations or identification of any Highland employees or events, but only included vague and non-descript comments.  Defendant Dorrel further states that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to Plaintiffs. Defendant Dorrel denies that Plaintiff Ross had legitimate concerns about racial issues, denies that he ever reported any purported concerns to Highland or Dorrel, and denies each and every other allegation contained in paragraph 114 of Plaintiffs' Complaint.

115.    Defendant Dorrel states that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to Plaintiffs.  Defendant Dorrel is without sufficient information and belief to admit or deny the allegations contained in paragraph 115 of Plaintiffs' Complaint and therefore denies the same.

116.    Defendant Dorrel states that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to Plaintiffs. Defendant Dorrel is without sufficient information and belief to admit

or deny the allegations contained in paragraph 116 of Plaintiffs' Complaint and therefore denies the same.

117.    Defendant Dorrel denies the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.    Defendant Dorrel believes that Plaintiff Zinn was told on January 27, 2020 that his contract would not be renewed.  Defendant Dorrel further states that Plaintiff Zinn was given the opportunity to address the allegations against him prior to any decisions about his employment. Defendant Dorrel believes that Plaintiff Zinn was told that Highland would pay out the remainder of his contract or he could choose to resign.  Defendant Dorrel denies each and every other allegation contained in paragraph 118 of Plaintiffs' Complaint.

119.    Defendant Dorrel denies the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.    Defendant Dorrel believes that Plaintiff Zinn was told on January 27, 2020 that his contract would not be renewed.  Defendant Dorrel further states that Plaintiff Zinn was given the opportunity to address the allegations against him prior to any decisions about his employment. Defendant Dorrel believes that Plaintiff Zinn was told that Highland would pay out the remainder of his contract or he could choose to resign.  Defendant Dorrel denies each and every other allegation contained in paragraph 120 of Plaintiffs' Complaint.

121.    Defendant Dorrel denies the allegation contained in paragraph 121 of Plaintiffs' Complaint.

122.    Defendant Dorrel admits that Plaintiff Zinn was not formally or officially sanctioned by the NJCAA, but Highland concluded through its investigation, which was confirmed

by a third party, that Plaintiff Zinn was involved in the academic dishonesty conduct.  Defendant

Dorrel denies each and every other allegation contained in paragraph 122 of Plaintiffs' Complaint.

123.    Defendant Dorrel denies that Plaintiff Zinn was never provided notice of the

charges against him and further denies that Plaintiff Zinn was never given any opportunity to

respond to those charges.  Plaintiff Zinn met with the Board on two separate occasions – January

15, 2020 and April 29, 2020.  Both times, Plaintiff Zinn was told about the allegations and the

results of the Highland investigation and given the opportunity to respond.  Defendant Dorrel

denies each and every other allegation contained in paragraph 123 of Plaintiffs' Complaint.

124.    Defendant Dorrel admits that Plaintiff Zinn was not formally or officially

sanctioned by the NJCAA, but Highland concluded through its investigation, which was confirmed

by a third party, that Plaintiff Zinn was involved in the academic dishonesty conduct.  Defendant

Dorrel denies each and every other allegation contained in paragraph 124 of Plaintiffs' Complaint.

125.    Defendant Dorrel believes that Plaintiff Ross, who was an at-will employee without

an employment contract, was terminated from employment on January 27, 2020 during a meeting

with President Fox and Eileen Groninger.  Defendant Dorrel denies each and every other allegation

contained in paragraph 125 of Plaintiff's Complaint.

126.    Defendant Dorrel states that Plaintiff Ross was aware of the allegations against him,

given an opportunity to address or rebut those allegations, and was aware of the reasons for his

termination from employment on January 27, 2020.  Plaintiff Ross was aware of his involvement

in the academic dishonesty incidents as well.  Defendant Dorrel denies each and every other

allegation contained in paragraph 126 of Plaintiffs' Complaint.

127.     Defendant Dorrel admits that Plaintiff Ross was given 10 days' notice to vacate his Highland housing pursuant to KSA 58-2504. Defendant Dorrel denies each and every other allegation contained in paragraph 127 of Plaintiffs' Complaint.

128.     Defendant Dorrel admits that Plaintiffs Ross and Zinn were both given notice to vacate their Highland-provided housing pursuant to KSA 58-2504.  Defendant Dorrel denies each and every other allegation contained in paragraph 128 of Plaintiffs' Complaint.

129.     Defendant Dorrel states that Plaintiff Zinn was given 30 days' notice to vacate the Highland-provided housing.  Plaintiff Ross was given 10 days' notice to vacate the Highland-provided housing.  Defendant Dorrel denies each and every other allegation contained in paragraph 129 of Plaintiffs' Complaint.

130.     Defendant Dorrel denies the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131.     Defendant Dorrel believes that Defendant Fox contacted the Jayhawk Conference Commissioner and the Region IV Women's Coordinator about various concerns and information received about Plaintiffs (not just limited to the academic dishonesty issues).  Defendant Dorrel denies each and every other allegation contained in paragraph 131 of Plaintiffs' Complaint.

132.     Defendant Dorrel denies the allegations contained in paragraph 132 of Plaintiffs' Complaint.

133.     Defendant Dorrel believes that Plaintiff Smith's contract was non-renewed on April 28, 2020 following a discussion with the Board.  Defendant Dorrel denies each and every other allegation contained in paragraph 133 of Plaintiffs' Complaint.

134.     Defendant Dorrel admits that Plaintiffs were suspended with pay from coaching in December 2019.  Defendant Dorrel denies each and every other allegation contained in paragraph 134 of Plaintiffs' Complaint.

135.     Defendant Dorrel denies the allegations contained in paragraph 135 of Plaintiffs' Complaint.

136.     Defendant Dorrel is without sufficient information and belief to admit or deny the allegations contained in paragraph 136 of Plaintiffs' Complaint and therefore denies the same.

137.     Defendant Dorrel admits that Kansas City Star published a news article on March 15, 2020.  Defendant Dorrel denies that Plaintiff Smith had legitimate concerns about racial issues, denies that he ever reported any supposed concerns to Highland or Dorrel, and denies each and every other allegation contained in paragraph 137 of Plaintiffs' Complaint.

138.     Defendant Dorrel denies that the needs, academic or otherwise, of the Highland student athletes were negatively affected by the Highland academic dishonesty investigation or the suspensions of the Plaintiffs.  To the contrary, Highland places utmost importance on its students and their academic and athletic well-being and improvement.  That did not change during the time that Plaintiffs were suspended from coaching.  Defendant Dorrel denies each and every other allegation contained in paragraph 138 of Plaintiffs' Complaint.

139.     Defendant Dorrel denies the allegations contained in paragraph 139 of Plaintiffs' Complaint.

140.      Defendant Dorrel denies the allegations contained in paragraph 140 of Plaintiffs' Complaint.

141.     Defendant Dorrel believes that Plaintiff Smith's suspension with pay was lifted on or about January 20, 2020.  Defendant Dorrel believes that Plaintiff Zinn remained suspended with

pay through the end of his contract after being notified of the decision to non-renew his contract and after he was given the opportunity to resign his employment.  Defendant Dorrel believes that Plaintiff Ross's employment was terminated on January 27, 2020.  Defendant Dorrel denies each and every other allegation contained in paragraph 141 of Plaintiffs' Complaint.

142.    Defendant Dorrel states that all Plaintiffs were informed about, and knew or should have known of, their employment status at all relevant times.   Defendant Dorrel is without sufficient information to admit or deny each and every other allegation contained in paragraph 142 of Plaintiffs' Complaint and therefore denies the same.

143.    Defendant Dorrel admits that Plaintiff Smith asked one time about hiring assistant coaches and he was told that he could hire an assistant but it had to be a current employee. Defendant Dorrel denies each and every other allegation contained in paragraph 143 of Plaintiffs' Complaint.

144.    Defendant Dorrel is presently without sufficient information to admit or deny the allegations contained in paragraph 144 of Plaintiffs' Complaint and therefore denies the same.

145.    Defendant Dorrel admits that Plaintiff Smith did most of the coaching work. Defendant Dorrel states that, on information and belief, that this was not much different than before.  Defendant Dorrel denies that the team felt that their season had been ruined or that there was a deep sense of uneasiness about what each day held.  Defendant Dorrel denies each and every other allegation contained in paragraph 145 of Plaintiffs' Complaint.

146.    Defendant Dorrel admits that the Highland women's basketball team made it to post-season play during the 2019-2020 season and made it to the Region Semi-Finals before the Pandemic ended the season.  Defendant Dorrel denies each and every other allegation contained in paragraph 146 of Plaintiffs' Complaint.

147.     Defendant Dorrel admits that Highland initiated an independent investigation into the equal treatment of women and men in February 2020, during the time the college was investigating the Plaintiffs' academic dishonesty issues.  Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues.  Defendant Dorrel further admits that a report was prepared by Husch Blackwell.  Highland did not deprive the team of an educational right or benefit in violation of Title IX.  Defendant Dorrel denies each and every other allegation contained in paragraph 147 of Plaintiffs' Complaint.

148.     Defendant Dorrel admits that Highland initiated an independent investigation into the equal treatment of women and men in February 2020, during the time the college was investigating the Plaintiffs' academic dishonesty issues.  Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues.  Defendant Dorrel further admits that a report was prepared by Husch Blackwell.  Highland did not deprive the team of an educational right or benefit in violation of Title IX.  Defendant Dorrel denies each and every other allegation contained in paragraph 148 of Plaintiffs' Complaint.

149.     Defendant Dorrel admits that Highland initiated an independent investigation into the equal treatment of women and men in February 2020, during the time the college was investigating the Plaintiffs' academic dishonesty issues.  Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues.  Defendant Dorrel further admits that a report was prepared by Husch Blackwell.  Highland did not deprive the team of an educational right or benefit in violation of Title IX.  Defendant Dorrel denies each and every other allegation contained in paragraph 149 of Plaintiffs' Complaint.

150.     Defendant Dorrel denies the allegations contained in paragraph 150 of Plaintiffs' Complaint.

151.    Defendant Dorrel denies the allegations contained in paragraph 151 of Plaintiffs' Complaint.

152.    Defendant Dorrel denies the allegations contained in paragraph 152 of Plaintiffs' Complaint.

153.    To the extent paragraph 153 calls for a legal conclusion, no response is required. To the extent a response is required, Defendant Dorrel denies the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154.    Defendant Dorrel admits the allegations contained in paragraph 154 of Plaintiffs' Complaint.

155.    Defendant Dorrel denies the allegations contained in paragraph 155 of Plaintiffs' Complaint.

156.    Defendant Dorrel admits that the Plaintiffs in *Perks* were young African- American men and women who attended Highland during the fall 2019 semester.  Defendant Dorrel denies each and every other allegation contained in paragraph 156 of Plaintiffs' Complaint.

157.    Defendant Dorrel denies the allegations contained in paragraph 157 of Plaintiffs' Complaint.

158.    Defendant Dorrel denies the allegations contained in paragraph 158 of Plaintiffs' Complaint.

159.    Defendant Dorrel denies the allegations contained in paragraph 159 of Plaintiffs' Complaint.

160.    Defendant Dorrel was dismissed from the *Perks* lawsuit before any settlement was reached.  Defendant Dorrel did not settle the claims against him and was not a party to any settlements reached in that case.  Defendant Dorrel understands, however, that a settlement with

Highland was reached in the *Perks* lawsuit in or around January 2021.  Defendant Dorrel states that the settlement agreement itself is the best evidence of what the settlement terms were. Defendant Dorrel denies each and every other allegation contained in paragraph 160 of Plaintiffs' Complaint.

161.    Defendant Dorrel denies the allegations contained in paragraph 161 of Plaintiffs' Complaint.

162.    Defendant Dorrel denies the allegations contained in paragraph 162 of Plaintiffs' Complaint.

163.    Defendant Dorrel denies the allegations contained in paragraph 163 of Plaintiffs' Complaint.

164.    Defendant Dorrel denies the allegations contained in paragraph 164 of Plaintiffs' Complaint.

## <u>COUNT I</u>
### (Stigma-Plus Due Process Against Defendant HCC – Property Interest)

165.    In response to paragraph 165 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 164 above as though fully set forth herein.

166.    Defendant Dorrel admits that Plaintiffs bring a claim pursuant to 42 U.S.C. §1983, but denies each and every other allegation contained in paragraph 166.

167.    To the extent paragraph 167 calls for a legal conclusion, no response is required. To the extent a response is required, Defendant Dorrel denies the allegations contained in paragraph 167 of Plaintiffs' Complaint.

168.    To the extent paragraph 168 calls for a legal conclusion, no response is required. To the extent a response is required, Defendant Dorrel denies the allegations contained in paragraph 168 of Plaintiffs' Complaint.

169.    To the extent paragraph 169 calls for a legal conclusion, no response is required. To the extent a response is required, Defendant Dorrel denies the allegations contained in paragraph 169 of Plaintiffs' Complaint.

170.    Defendant Dorrel denies the allegations contained in paragraph 170 of Plaintiffs' Complaint.

171.    Defendant Dorrel denies the allegations contained in paragraph 171 of Plaintiffs' Complaint.

172.    Defendant Dorrel denies the allegations contained in paragraph 172 of Plaintiffs' Complaint.

173.    Defendant Dorrel denies the allegations contained in paragraph 173 of Plaintiffs' Complaint.

174.    Defendant Dorrel denies the allegations contained in paragraph 174 of Plaintiffs' Complaint.

175.    Defendant Dorrel denies the allegations contained in paragraph 175 of Plaintiffs' Complaint.

176.    Defendant Dorrel denies the allegations contained in paragraph 176 of Plaintiffs' Complaint.

177.    Defendant Dorrel denies the allegations contained in paragraph 177 of Plaintiffs' Complaint.

178.    Defendant Dorrel denies the allegations contained in paragraph 178 of Plaintiffs' Complaint.

179.    Defendant Dorrel denies the allegations contained in paragraph 179 of Plaintiffs' Complaint.

180.    Defendant Dorrel denies the allegations contained in paragraph 180 of Plaintiffs' Complaint.

181.    Defendant Dorrel denies the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182.    Defendant Dorrel denies the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183.    Defendant Dorrel denies the allegations contained in paragraph 183 of Plaintiffs' Complaint.

<u>**COUNT II**</u>
**(Stigma-Plus Due Process Against Defendant HCC – Liberty Interest)**

184.    In response to paragraph 184 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 183 above as though fully set forth herein.

185.    Defendant Dorrel states that the allegations contained in paragraph 185 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 185 of Plaintiffs' Complaint.

186.    Defendant Dorrel states that the allegations contained in paragraph 186 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent

a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 186 of Plaintiffs' Complaint.

187.    Defendant Dorrel denies the allegations contained in paragraph 187 of Plaintiffs' Complaint.

188.    Defendant Dorrel denies the allegations contained in paragraph 188 of Plaintiffs' Complaint.

189.    Defendant Dorrel denies the allegations contained in paragraph 189 of Plaintiffs' Complaint.

190.    Defendant Dorrel denies the allegations contained in paragraph 190 of Plaintiffs' Complaint.

191.    Defendant Dorrel denies the allegations contained in paragraph 191 of Plaintiffs' Complaint.

192.    Defendant Dorrel denies the allegations contained in paragraph 192 of Plaintiffs' Complaint.

## COUNT III
### (Violation of 42 U.S.C. § 1981 Against All Defendants)

193.    In response to paragraph 193 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 192 above as though fully set forth herein.

194.    Defendant Dorrel admits that Plaintiffs Zinn and Ross assert a claim for discrimination based on race pursuant to 42 U.S.C. § 1981, but denies each and every other allegation contained in paragraph 194 of Plaintiffs' Complaint.

195.    Defendant Dorrel admits the allegations contained in paragraph 195 of Plaintiffs' Complaint.

196.    Defendant Dorrel denies the allegations contained in paragraph 196 of Plaintiffs'
Complaint.

197.    Defendant Dorrel denies the allegations contained in paragraph 197 of Plaintiffs'
Complaint.

198.    Defendant Dorrel denies the allegations contained in paragraph 198 of Plaintiffs'
Complaint.

199.    Defendant Dorrel denies the allegations contained in paragraph 199 of Plaintiffs'
Complaint.

200.    Defendant Dorrel denies the allegations contained in paragraph 200 of Plaintiffs'
Complaint.

201.    Defendant Dorrel denies the allegations contained in paragraph 201 of Plaintiffs'
Complaint.

202.    Defendant Dorrel denies the allegations contained in paragraph 202 of Plaintiffs'
Complaint.

203.    Defendant Dorrel denies the allegations contained in paragraph 203 of Plaintiffs'
Complaint.

204.    Defendant Dorrel denies the allegations contained in paragraph 204 of Plaintiffs'
Complaint.

205.    Defendant Dorrel denies the allegations contained in paragraph 205 of Plaintiffs'
Complaint.

206.    Defendant Dorrel denies the allegations contained in paragraph 206 of Plaintiffs'
Complaint.

## COUNT IV
### (Retaliation under § 1981 Against All Defendants)

207.    In response to paragraph 207 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 206 above as though fully set forth herein.

208.    Defendant Dorrel admits that Plaintiffs are bringing a claim for retaliation under § 1981, but denies each and every other allegation contained in paragraph 208 of Plaintiffs' Complaint.

209.    Defendant Dorrel states that the allegations contained in paragraph 209 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response . To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 209 of Plaintiffs' Complaint.

210.    Defendant Dorrel states that the allegations contained in paragraph 210 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response . To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 210 of Plaintiffs' Complaint.

211.    Defendant Dorrel denies the allegations contained in paragraph 211 of Plaintiffs' Complaint.

212.    Defendant Dorrel denies the allegations contained in paragraph 212 of Plaintiffs' Complaint.

213.    Defendant Dorrel denies the allegations contained in paragraph 213 of Plaintiffs' Complaint.

214.    Defendant Dorrel denies the allegations contained in paragraph 214 of Plaintiffs' Complaint.

215.    Defendant Dorrel denies the allegations contained in paragraph 215 of Plaintiffs' Complaint.

216.    Defendant Dorrel denies the allegations contained in paragraph 216 of Plaintiffs' Complaint.

217.    Defendant Dorrel denies the allegations contained in paragraph 217 of Plaintiffs' Complaint.

## <u>COUNT V</u>
### (Retaliation Under Title IX Against Defendant HCC)

218.    In response to paragraph 218 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 217 above as though fully set forth herein.

219.    Defendant Dorrel admits that Plaintiffs bring a cause of action for retaliation under Title IX, but denies each and every other allegation contained in paragraph 219 of Plaintiffs' Complaint.

220.    Defendant Dorrel states that the allegations contained in paragraph 220 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 220 of Plaintiffs' Complaint.

221.    Defendant Dorrel states that the allegations contained in paragraph 221 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 221 of Plaintiffs' Complaint.

222.    Defendant Dorrel states that the allegations contained in paragraph 222 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent

a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 222 of Plaintiffs' Complaint.

223.    Defendant Dorrel denies the allegations contained in paragraph 223 of Plaintiffs' Complaint.

224.    Defendant Dorrel denies the allegations contained in paragraph 224 of Plaintiffs' Complaint.

225.    Defendant Dorrel denies the allegations contained in paragraph 225 of Plaintiffs' Complaint.

226.    Defendant Dorrel denies the allegations contained in paragraph 226 of Plaintiffs' Complaint.

227.    Defendant Dorrel denies the allegations contained in paragraph 227 of Plaintiffs' Complaint.

228.    Defendant Dorrel denies the allegations contained in paragraph 228 of Plaintiffs' Complaint.

229.    Defendant Dorrel denies the allegations contained in paragraph 229 of Plaintiffs' Complaint.

## COUNT VI
### (Racial Discrimination Under Title VI Against HCC)

230.    In response to paragraph 230 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 229 above as though fully set forth herein.

231.    Defendant Dorrel admits that Plaintiffs Zinn and Ross bring a race discrimination claim pursuant to Title VI, but denies each and every other allegation contained in paragraph 231 of Plaintiffs' Complaint.

232.    Defendant Dorrel states that the allegations contained in paragraph 232 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 232 of Plaintiffs' Complaint.

233.    Defendant Dorrel states that the allegations contained in paragraph 233 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 233 of Plaintiffs' Complaint.

234.    Defendant Dorrel states that the allegations contained in paragraph 234 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 234 of Plaintiffs' Complaint.

235.    Defendant Dorrel denies the allegations contained in paragraph 235 of Plaintiffs' Complaint.

236.    Defendant Dorrel denies the allegations contained in paragraph 236 of Plaintiffs' Complaint.

237.    Defendant Dorrel denies the allegations contained in paragraph 237 of Plaintiffs' Complaint.

238.    Defendant Dorrel denies the allegations contained in paragraph 238 of Plaintiffs' Complaint.

239.    Defendant Dorrel denies the allegations contained in paragraph 239 of Plaintiffs' Complaint.

240.     Defendant Dorrel denies the allegations contained in paragraph 240 of Plaintiffs' Complaint.

241.     Defendant Dorrel denies the allegations contained in paragraph 241 of Plaintiffs' Complaint.

## COUNT VII
### (Title VI Retaliation Against HCC)

242.     In response to paragraph 242 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 241 above as though fully set forth herein.

243.     Defendants admits that Plaintiffs bring a cause of action for Title VI retaliation, but denies each and every other allegation contained in paragraph 243 of Plaintiffs' Complaint.

244.     Defendant Dorrel states that the allegations contained in paragraph 244 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 244 of Plaintiffs' Complaint.

245.     Defendant Dorrel states that the allegations contained in paragraph 245 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 245 of Plaintiffs' Complaint.

246.     Defendant Dorrel denies the allegations contained in paragraph 246 of Plaintiffs' Complaint.

247.     Defendant Dorrel denies the allegations contained in paragraph 247 of Plaintiffs' Complaint.

248.     Defendant Dorrel denies the allegations contained in paragraph 248 of Plaintiffs' Complaint.

249.     Defendant Dorrel denies the allegations contained in paragraph 249 of Plaintiffs' Complaint.

250.     Defendant Dorrel denies the allegations contained in paragraph 250 of Plaintiffs' Complaint.

251.     Defendant Dorrel denies the allegations contained in paragraph 251 of Plaintiffs' Complaint.

## COUNT VIII
### (Conspiracy Under 42 U.S.C. 1985 Against All Defendants)

252.     In response to paragraph 252 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 252 above as though fully set forth herein.

253.     Defendant Dorrel admits that Plaintiffs bring a claim for civil right conspiracy pursuant to 42 U.S.C. 1985, but denies each and every other allegation contained in paragraph 253 of Plaintiffs' Complaint.

254.     Defendant Dorrel states that the allegations contained in paragraph 254 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response. To the extent a response is later deemed to be required, the Defendant Dorrel denies the allegations contained in paragraph 254 of Plaintiffs' Complaint.

255.     Defendant Dorrel denies the allegations contained in paragraph 255 of Plaintiffs' Complaint.

256.     Defendant Dorrel denies the allegations contained in paragraph 256 of Plaintiffs' Complaint.

257.    Defendant Dorrel denies the allegations contained in paragraph 257 of Plaintiffs' Complaint.

258.    Defendant Dorrel denies the allegations contained in paragraph 258 of Plaintiffs' Complaint.

259.    Defendant Dorrel denies the allegations contained in paragraph 259 of Plaintiffs' Complaint.

260.    Defendant Dorrel denies the allegations contained in paragraph 260 of Plaintiffs' Complaint.

261.    Defendant Dorrel denies the allegations contained in paragraph 261 of Plaintiffs' Complaint.

262.    Defendant Dorrel denies the allegations contained in paragraph 262 of Plaintiffs' Complaint.

263.    Defendant Dorrel denies the allegations contained in paragraph 263 of Plaintiffs' Complaint.

264.    Defendant Dorrel denies the allegations contained in paragraph 264 of Plaintiffs' Complaint.

265.    Defendant Dorrel denies the allegations contained in paragraph 265 of Plaintiffs' Complaint.

266.    Defendant Dorrel denies the allegations contained in paragraph 266 of Plaintiffs' Complaint.

## COUNT IX
**(Failure to Protect Under 42 U.S.C. § 1986 Against Defendants Karn and The Board)**

267.    In response to paragraph 267 of Plaintiffs' Complaint, Defendant Dorrel hereby incorporate by reference each of their responses to paragraphs 1 through 266 above as though fully set forth herein.

268.    Defendant Dorrel admits that Plaintiffs bring a claim for failure to protect under 42 U.S.C. 1986, but denies each and every other allegation contained in paragraph 268 of Plaintiffs' Complaint.

269.    Defendant Dorrel denies the allegations contained in paragraph 269 of Plaintiffs' Complaint.

270.    Defendant Dorrel denies the allegations contained in paragraph 270 of Plaintiffs' Complaint.

271.    Defendant Dorrel denies the allegations contained in paragraph 271 of Plaintiffs' Complaint.

272.    Defendant Dorrel denies the allegations contained in paragraph 272 of Plaintiffs' Complaint.

273.    Defendant Dorrel denies the allegations contained in paragraph 273 of Plaintiffs' Complaint.

274.    Defendant Dorrel denies the allegations contained in paragraph 274 of Plaintiffs' Complaint.

275.    Defendant Dorrel denies the allegations contained in paragraph 275 of Plaintiffs' Complaint.

276.    Defendant Dorrel denies the allegations contained in paragraph 276 of Plaintiffs' Complaint including the WHEREFORE clause of Count IX of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant Dorrel's affirmative and other defenses are set forth below.  By stating a defense, Defendant Dorrel do not thereby assume the burden of proof on such defense except to the extent applicable law required Defendant Dorrel to plead and prove the defense in order to avail themselves of the defense.  Defendant Dorrel reserve the right to assert any additional defenses that arise during discovery or evidence presented at trial.

277.     Plaintiffs' Complaint fails to state a claim or cause upon which relief may be granted and should accordingly be dismissed.

278.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs have failed to mitigate their damages herein.

279.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs' claims are barred in whole or in part to the extent they failed to comply with the jurisdictional and/or procedural prerequisites for any claims in this action.

280.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that if they are deemed to be states actors, then their actions were discretionary in nature and therefore they are entitled to immunity, qualified or otherwise.

281.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs' cause of action under 42 U.S.C. § 1983 is barred because a comprehensive remedial scheme(s) already exists for such claims.

282.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiff has not, and cannot, point to a custom, policy, or practice of the Defendant Dorrel that violated Plaintiffs' constitutional rights (if any).

283.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs had no constitutional rights that were violated by any of the Defendants.

284.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel assert that any action they took with respect to Plaintiffs or Plaintiffs' employment was for a legitimate, non-discriminatory reason.

285.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that some or all of the claims alleged in the Complaint may be barred, in whole or in part, by the applicable statute of limitations, laches, waiver, and/or estoppel.

286.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that compensatory or punitive damages are barred and/or limited to the amounts authorized by Federal or Kansas law.

287.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that they did not intentionally discriminate against Plaintiffs during the course of Plaintiffs' employment or in decisions made about Plaintiffs' employment with Defendants based on race or any other protected class.

288.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs were not treated differently from any other similarly situated person who was not a member of Plaintiffs' alleged protected class and/or that any difference in treatment, which is hereby denied, was not due to protected class status.

289.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by them or to avoid harm otherwise.

290.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that they exercised appropriate business judgment in making employment decisions concerning Plaintiffs.

291.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs' damages, if any, were caused by their own conduct.

292.     For further answer and defenses to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs are not entitled to a jury trial on claims for back-pay, front-pay, interest, or equitable relief.

293.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Plaintiffs' claims are barred, or limited, as a result of the after-acquired evidence doctrine in that the Defendants have learned, subsequently to Plaintiffs' separation from employment, of various other performance problems that were occurring while Plaintiffs were employed for HCC.

294.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that any and all allegations not specifically admitted herein are denied.

295.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel reserve the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

296.     Plaintiffs' alleged damages, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by Defendant Dorrel.  Accordingly, any such damages should either be completely denied or apportioned according to the evidence.

297.     Plaintiffs' alleged damages, to the extent any exist, are speculative and uncertain, and therefore, not compensable.

298.     Defendant Dorrel denies committing any violation of any law, including but not limited to Title VI of the Civil Rights Act, the Fourteenth Amendment, and the Fourth Amendment.

299.     Any recovery on Plaintiffs' Complaint is barred, in whole or in part, because Defendants maintained policies prohibiting unlawful conduct and providing an educational environment free from discrimination, harassment, and retaliation.

300.     Some or all of Plaintiffs' claims are barred by the doctrine of Qualified Immunity.

301.     Some or all of Plaintiffs' claims are barred by the doctrine of Governmental Immunity.

302.     Some or all of Plaintiffs' claims are barred because, to the extent Plaintiff reported any alleged discrimination, harassment, or retaliation, Defendant Dorrel promptly investigated the report and took prompt and appropriate remedial action.

303.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Count I of Plaintiffs' Complaint should be dismissed as a matter of law because none of the Plaintiffs had a protected property interest in their employment, or continued employment, sufficient to invoke due process considerations.

304.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Counts III, IV, VIII, and IX of Plaintiffs' Complaint should be dismissed as a matter of law because the individual defendants were all acting in their official capacities and therefore these claims, as asserted against the individual defendants, are in reality simply claims against the organization(s) and therefore are redundant.

305.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that Count II of Plaintiffs' Complaint should be dismissed as a matter of law because none of the

Plaintiffs had a protected liberty interest related to their employment, or continued employment, sufficient to invoke due process considerations.

306.     For further answer and defense to Plaintiffs' Complaint, Defendant Dorrel states that to the extent any due process was required, the Plaintiffs were provided with constitutionally-adequate due process that included, but was not limited to, a "pre-termination" hearing, oral notice of the charges against them, written notice of the charges against them, and explanation of the employer's evidence, and a full and fair opportunity to present their side of the story.

WHEREFORE, Defendant Bryan Dorrel, having fully answered Plaintiffs' Complaint, prays that Plaintiffs take naught by their Complaint and for such further and other relief as the Court deems just and equitable, including attorney fees and costs pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

COMES NOW Defendant Bryan Dorrel, by and through counsel, and requests trial by jury on all issues in the above-entitled matter.

Respectfully submitted,

SANDERS WARREN & RUSSELL LLP

*/s/ Sean M. Sturdivan*
Sean M. Sturdivan      KS Bar No. 21286
Tracy M. Hayes         KS Bar No. 23119
Kaitlin Marsh-Blake   KS Bar No. 26462
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrllp.com
Email: t.hayes@swrllp.com
Email: k.marsh-blake@swrllp.com
***ATTORNEYS FOR DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of June, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

William C. Odle
The Odle Law Firm, LLC
6½ East First Street, Suite 2
Parkville, Missouri 64152
Phone: (816) 631-5220
Facsimile: (816) 631-5225
Email: wodle@odlelawfirm.com
***ATTORNEY FOR PLAINTIFF***

*/s/ Sean M. Sturdivan*
**ATTORNEY**