**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

B.J. SMITH, BRADFORD ZINN,      )
and JERED ROSS,                 )
                                )     Case No. 22-CV-02048
              Plaintiffs,       )
v.                              )
                                )
HIGHLAND COMMUNITY              )
COLLEGE (HCC), THE BOARD OF     )
TRUSTEES FOR HCC, RUSSELL KARN, )
DEBORAH FOX, and BRYAN DORREL,  )
                                )
              Defendants.       )

**DEFENDANT HIGHLAND COMMUNITY COLLEGE AND THE BOARD OF**
**TRUSTEES FOR HCC'S JOINT AND SEPARATE ANSWER TO PLAINTIFFS'**
**COMPLAINT**

COME NOW Defendants Highland Community College ("Highland") and The Board of Trustees for HCC ("The Board") (hereinafter collectively referred to as the "HCC Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiffs' Complaint state as follows:

**PRELIMINARY STATEMENT**

1.      HCC Defendants deny the allegations contained in paragraph 1 of Plaintiffs' Complaint. There is not now, nor has there even been, any informal or formal policy, pattern, or practice of racial discrimination or harassment at Highland. Such allegations are absurd. When former Highland President David Reist retired, he sent a memo dated June 10, 2019, to the Highland coaching staff with his thoughts on how to be a successful coach at Highland. See **Exhibit A**, Reist June 10, 2019 Memo. The June 10th memo provided his insight as the longtime Highland President, former Highland faculty member and assistant coach, and longtime resident of Highland, Kansas. Mr. Reist's email covered a lot of different areas and provided a lot of

background and insight as to his philosophy and outlined the unique challenges and opportunities that existed for Highland athletics.  Defendant Fox reviewed the June 10th email carefully and provided another copy of it to the Highland coaching staff in October 2019 and explained to the coaching staff that she wanted to follow Mr. Reist's guidance as much as possible.  None of his comments or guidance was related to the race of Highland's student-athletes.  In addition to David Reist's memo and related comments, it is widely known that the State of Kansas, through legislators and otherwise, has placed a heavy emphasis on recruitment of in-state students and student athletes at Kansas community colleges, including but not limited to Highland.  Most recently, an audit has been requested by Representative Kristey Williams to evaluate concerns that "community college athletic programs may be funded by local and state taxpayers, but most athletes come from other counties or other states."  See **Exhibit B**, Audit Proposal.  The Audit proposal was approved on April 22, 2022.  See **Exhibit C**, Minutes from Legislative Post Audit Committee.

2.      HCC Defendants deny the allegations contained in paragraph 2 of Plaintiffs' Complaint.  Plaintiffs were given a letter dated December 20, 2019 providing them notice of the concerns of academic dishonesty.  Plaintiffs were fully aware of the charges against them and had full opportunity to respond to those charges.

3.      HCC Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      HCC Defendants admit that Highland, through The Board, selected and hired Deborah Fox as the President of Highland.  The HCC Defendants state that the position and candidates for the Highland President position were discussed during the March 11, 2019 Board meeting, in executive session.  Following the executive session meeting, Board member Vernie

Coy made a motion to offer the position of President to Defendant Fox.  Board member Kenneth Huss seconded the motion.  The Board then voted to extend the offer to Defendant Fox.  Neither the Board nor Highland had a strategy at any time to reduce African-American students or student-athletes.  HCC Defendants deny each and every other allegation contained in paragraph 4 of Plaintiffs' Complaint.

5.      HCC Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.  The decision to suspend the Plaintiffs occurred, and was communicated to them, before any news articles or complaints by any of them.

6.      HCC Defendants admit Plaintiffs bring certain claims as outlined in their Complaint and state that all Plaintiffs had notice of the allegations made against them and opportunity to respond, but deny each and every other allegation contained in paragraph 6 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

7.      HCC Defendants admit the Court has jurisdiction but deny each and every other allegation contained in paragraph 7 of Plaintiffs' Complaint.

8.      HCC Defendants admit the Court has jurisdiction but deny each and every other allegation contained in paragraph 8 of Plaintiffs' Complaint.

9.      HCC Defendants admit the venue is proper in this district but deny each and every other allegation contained in paragraph 9 of Plaintiffs' Complaint.

## THE PARTIES

10.     HCC Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.  Copies of Plaintiff Smith's employment contracts with Highland are attached as **Exhibit D**.

11.     HCC Defendants admit that Plaintiff Bradford Zinn is the former Assistant Coach of women's basketball at Highland, but are without sufficient information to admit or deny each and every other allegation contained in paragraph 11 of Plaintiffs' Complaint and therefore deny the same.  A copy of Plaintiff Zinn's employment contract is attached as **Exhibit E**.

12.     HCC Defendants admit that Plaintiff Jerod Ross is the former Assistant Coach of women's basketball at Highland, but are without sufficient information to admit or deny each and every other allegation contained in paragraph 12 of Plaintiffs' Complaint and therefore deny the same.  HCC Defendants state that Plaintiff Ross was an at will employee without an employment contract.  A copy of Plaintiff Ross' July 26, 2019, offer letter is attached as **Exhibit F**.

13.     HCC Defendants admit the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     HCC Defendants state that the allegations contained in paragraph 14 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     HCC Defendants admit that Highland is the recipient of various forms of federal funding, primarily through grants, student loans, and other stimulus funding.  HCC Defendants deny each and every other allegation contained in paragraph 15 of Plaintiffs' Complaint.

16.     HCC Defendants admit that Defendant Deborah Fox is the President of Highland and has served in this position since July 2019.  HCC Defendants state each and every other allegation contained in paragraph 16 of Plaintiffs' Complaint contain legal conclusions such that further response is not required from these Defendants. To the extent a response is later deemed to

be required, the HCC Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.      HCC Defendants admit that Defendant Bryan Dorrel is the Athletic Director of Highland and has served in that position since at least September 2019.  HCC Defendants further admit that Defendant Bryan Dorrel had the ability to implement and formulate certain policies and practices related to student-athlete recruitment, conduct, and eligibility subject to approval by Highland and/or Defendant Deborah Fox.  HCC Defendants state that each and every other allegation contained in paragraph 17 of Plaintiffs' Complaint contain legal conclusions such that further response is not required from these Defendants.  To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.      HCC Defendants admit that Defendant Russell Karn is a member of the Board of Trustees for Highland.  HCC Defendants state each and every other allegation contained in paragraph 18 of Plaintiffs' Complaint contain legal conclusions such that further response is not required from these Defendants.  To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.      HCC Defendants admit that the Defendant named as the Board of Trustees is the governing body for Highland and that The Board included Russell Karn, Tom Smith, Vernie Coy, Charles Huss, Jason Taylor, and Carl Tharman.  HCC Defendants deny each and every other allegation contained in paragraph 19 of Plaintiffs' Complaint.

20.      HCC Defendants state that the allegations contained in paragraph 20 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants.

To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

21.     HCC Defendants admit that Highland is a two-year community college located in Highland, Kansas, a rural community in the northeast part of the state.  HCC Defendants further admit that Highland, Kansas has a population of around 1,000 people.  HCC Defendants deny the allegations in Footnote 1 that African American student-athletes "were required to declare Kansas residency."  HCC Defendants further state Highland students are not counted as residents of Doniphan County, KS.  HCC Defendants are without sufficient information to admit or deny each and every other allegation contained in paragraph 21 of Plaintiffs' Complaint and therefore deny the same.

22.     HCC Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Complaint.  HCC Defendants are without sufficient information to admit or deny the purported allegations contained in paragraph 22, footnote 2 of Plaintiffs' Complaint, and therefore deny the same.

23.     HCC Defendants state that the majority of Highland students are white and that enrollment at the Highland, Kansas campus has been around 30-40% African American since 2018.  The Highland, Kansas campus is the only location that has athletics and housing.  HCC Defendants deny each and every other allegation contained in paragraph 23 of Plaintiffs' Complaint.

24.     HCC Defendants admit the allegations contained in paragraph 24 of Plaintiffs' Complaint.

6

25.     HCC Defendants admit that Plaintiff Smith won many games while he was the women's basketball coach at Highland.  Defendants also state that it was well-known that Coach Smith inflated his record by playing an easy out-of-conference schedule and running up the score on teams that Highland probably should not have been playing in the first instance.  In other words, Plaintiff B.J. Smith tended to schedule and play games that he knew would be non-competitive to inflate his record.  Defendants deny each and every other allegation contained in paragraph 25 of Plaintiffs' Complaint.

26.     HCC Defendants admit that Plaintiff B.J. Smith won many games while he was the women's basketball coach at Highland.  Defendants also state that Plaintiff Smith seemed to prioritize winning above basically everything else, including but not limited to academics or other important metrics.  Defendants deny each and every other allegation contained in paragraph 26 of Plaintiffs' Complaint.

27.     HCC Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of Plaintiffs' Complaint and therefore deny the same.

28.     HCC Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     HCC Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     HCC Defendants admit that Plaintiff Jered Ross attended Highland from 2013 through 2014 and served as a practice player for Plaintiff B.J. Smith and the women's basketball team.  Defendants further admit that Plaintiff B.J. Smith hired Plaintiff Ross as an assistant coach. Defendants are without sufficient information to admit or deny each and every other allegation contained in paragraph 30 of Plaintiffs' Complaint and therefore deny the same.

31.     HCC Defendants are without sufficient information to admit or deny the allegations contained in paragraph 31 of Plaintiffs' Complaint and therefore deny the same.

32.     HCC Defendants are presently without sufficient information to admit or deny whether Ross was named "a young coach to watch" by World Exposure Report in November 2019. However, Defendants state that it is their understanding that World Exposure Report is a recruiting service founded by Plaintiff B.J. Smith's former assistant Donnie Woods and therefore the unbiased nature of any awards or recognitions coming from that source is questionable. Defendants deny each and every other allegation contained in paragraph 32 of Plaintiffs' Complaint.

33.     HCC Defendants admit that Plaintiff Bradford Zinn joined the staff of the women's basketball team in 2017.  Defendants are without sufficient information to admit or deny each and every other allegation contained in paragraph 33 of Plaintiffs' Complaint and therefore deny the same.

34.     HCC Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     HCC Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     HCC Defendants admit that Highland, through The Board, selected and hired Deborah Fox as the President of Highland.  The HCC Defendants state that the position and candidates for the Highland President position were discussed during the March 11, 2019 Board meeting, in executive session.  Following the executive session meeting, Board member Vernie Coy made a motion to offer the position of President to Defendant Fox.  Board member Kenneth Huss seconded the motion.  The Board then voted to extend the offer to Defendant Fox.  Neither

the Board nor Highland had a strategy at any time to reduce African-American students or student-athletes.  HCC Defendants specifically deny any comment or statement attributed to them or anyone else affiliated with, or speaking for, Highland that Highland sought to "make Highland white again."  No such comment was ever made.  HCC Defendants deny each and every other allegation contained in paragraph 36 of Plaintiffs' Complaint.

37.    HCC Defendants admit that Defendant Fox had no prior experience as a college president.  HCC Defendants state, though, that David Reist (prior President) had not been a College President when he was hired as Highland President in 2002, and had served as Vice President for Student Services prior to being hired.  HCC Defendants admit that Defendant Deborah Fox had experience as a finance administrator for the Independence, Kansas School District and had significant experience working at Highland prior to her being hired as President.  As a former VP of Finance at Highland, Defendant Fox held a high-ranking administration position at the collegiate level.  HCC Defendants deny each and every other allegation contained in paragraph 37 of Plaintiffs' Complaint.

38.    HCC Defendants admit that Athletic Director Tyler Nordman resigned sometime after Defendant Fox was hired as President but deny each and every other allegation contained in paragraph 38 of Plaintiffs' Complaint.

39.    HCC Defendants admit the allegations contained in paragraph 39 of Plaintiffs' Petition.

40.    HCC Defendants admit that Defendant Deborah Fox ultimately, and within the authority she had as President of Highland, hired Bryan Dorrel as Highland Athletic Director in 2019.  HCC Defendants state that the Athletic Director position was advertised locally, statewide, and nationally.  HCC Defendants states that the search committee, an advisory committee only,

interviewed three different candidates but did not recommend any of them for hire. HCC Defendants further state that the President of Highland is vested with the full authority to hire and fire Highland employees and is not required to consult with or even consider a search committee. HCC Defendants state that it believes the search committee was at a standstill and because of the unfortunate timing of Tyler Nordman's resignation (in August 2019 at the start of the 2019-2020 school year), a decision on who would be the new Highland Athletic Director had to be made quickly. HCC Defendants deny each and every other allegation contained in paragraph 40 of Plaintiffs' Complaint.

41.     HCC Defendants are without sufficient information to admit or deny the allegations contained in paragraph 41 and therefore deny the same.

42.     HCC Defendants admit that Defendant Bryan Dorrel had no prior experience as an athletic director or assistant athletic director, but Dorrel had relevant experience as an athletic trainer. The prior Athletic Director, Tyler Nordman, had no experience as an Athletic Director and had only worked as Highland Housing Director prior to being hired as AD. HCC Defendants also state that Defendant Dorrel had 26 years of experience in higher education, collegiate athletes, and administration. HCC Defendants further state that Defendant Dorrel has a PhD in athletic training, a sports medicine related field. HCC Defendants further highlight the fact that Defendant Dorrel had 24 years of experience working directly with athletic departments either as a full-time or part-time athletic department employee. HCC Defendants state that Defendant Dorrel had significant administrative experience, including instances where he supervised up to 25 employees, student workers, teachers, and/or clinical supervisors. Defendant Dorrel, to the HCC Defendants' knowledge, also managed athletic training rooms and the care of almost 500 student athletes.

Defendants deny each and every other allegation contained in paragraph 42 of Plaintiffs' Complaint.

43.     HCC Defendants admit, on present information and belief, that Defendant Dorrel had an initial meeting with Plaintiff Smith but deny that this initial meeting occurred in September 2019.  HCC Defendants are presently without sufficient information or belief to admit or deny each and every other allegation contained in paragraph 43 of Plaintiffs' Complaint and therefore deny the same.

44.     HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 44 of Plaintiffs' Complaint and therefore deny the same.

45.     HCC Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     HCC Defendants are presently without sufficient information and belief to admit or deny whether "During the fall recruiting period, Coach Smith secured commitments from two standout players from the Kansas City area" and therefore deny the same.  HCC Defendants deny each and every other allegation contained in paragraph 46 of Plaintiff's Complaint.

47.     HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 47 of Plaintiffs' Complaint and therefore deny the same.

48.     HCC Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     HCC Defendants admit the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     HCC Defendants admit that the Highland football team defeated the No. 1 team in the country (Hutchinson Community College) in late October 2019 the week after numerous Hutch

football players had been suspended from the team for unsportsmanlike conduct against Butler County Community College and did not play in the game against Highland.  HCC Defendants deny each and every other allegation contained in paragraph 50 of Plaintiff's Complaint.

51.     HCC Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     HCC Defendants admit that there was an issue/incident involving Highland Quarterback Joe Cambridge and the officials following a football game.  More specifically, Defendants state that it has been reported that Mr. Cambridge chased the officials from the field following the football game and was shouting obscenities at them.  On information and belief, the officials have confirmed that this incident occurred.  HCC Defendants admit that the Highland Quarterback received a two-game suspension as a result.  HCC Defendants deny each and every other allegation contained in paragraph 52 of Plaintiffs' Complaint.

53.     HCC Defendants admit a complaint about Highland's Quarterback was submitted to the NJCAA and that Cambridge received a two-game suspension as a result.  Defendants deny each and every other allegation contained in paragraph 53 of Plaintiffs' Complaint.

54.     HCC Defendants deny that Defendant Dorrel attempted to have Cambridge expelled from Highland.  HCC Defendants are without information to admit or deny each and every other allegation and therefore deny the same.

55.     HCC Defendants admit that Cambridge had previously been arrested by Highland Police but deny each and every other allegation contained in paragraph 55 of Plaintiffs' Complaint.

56.     HCC Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     HCC Defendants are presently without sufficient information and belief to admit or deny any discussions that occurred between Defendant Dorrel and Aaron Arnold and therefore deny the same.  Defendants deny each and every other allegation contained in paragraph 57 of Plaintiffs' Complaint.

58.     HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 58 of Plaintiffs' Complaint and therefore deny the same.

59.     On information and belief, HCC Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.  HCC Defendants further state that it's their understanding that Coach Arnold voluntarily resigned his employment and/or retired from Highland, and perhaps coaching altogether, via a resignation letter he submitted to Defendant Fox on or about October 28, 2019, which he asked not to be shared with anyone until the end of the football season.

60.     HCC Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint. It is the practice of Highland to either non-renew or allow resignation of coaching staff at the conclusion of a contract if the head coach resigns.  This allows maximum flexibility for all coaches in the upcoming sports season.  HCC Defendants note that Coach Aaron Arnold is white and they further state that many of the assistant coaches under Coach Arnold resigned when he decided to leave and the majority were not African American, according to Highland's records. The same thing happened when Jeff Hancock resigned as head football coach.  None of these coaches were forced out by Highland President Deborah Fox or Athletic Director Bryan Dorrel.

61.     HCC Defendants are presently without sufficient information to admit or deny the allegations contained in paragraph 61 of Plaintiffs' Complaint and therefore deny the same.

62.     HCC Defendants admit that Jeff Hancock was hired to replace Aaron Arnold.  HCC Defendants admit that the Highland Football Team went 1-6 in the 2020-2021 season and 2-7 in

the 2021-2022 season. Jerod Powers (African-American) was hired by President Fox, with input from Athletic Director Bryan Dorrel, a screening committee, and the Board, to replace Jeff Hancock (white) as head football coach. HCC Defendants deny each and every other allegation contained in paragraph 62 of Plaintiffs' Complaint.

63.     HCC Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 64 of Plaintiffs' Complaint and therefore deny the same.

65.     HCC Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     HCC Defendants admit that Plaintiff Smith was allowed to come back after his suspension to coach the Highland women's basketball team, the team finished the 2019-2020 season with a record of 21-3, and that the Covid 19 Pandemic cut the basketball season short. HCC Defendants deny each and every other allegation contained in paragraph 66 of Plaintiffs' Complaint.

67.     HCC Defendants admit that Plaintiff Smith was told in December 2019 about concerns related to academic dishonesty. HCC Defendants state that all Plaintiffs were given a letter about the charges asserted against them and that Plaintiff Smith's attorney was sent correspondence by Highland attorney Alan Boeh, and while HCC Defendants cannot confirm Plaintiffs' attorney William Odle received the letter, it was shared with at least 174 individuals through the Supporters of BJ Smith Facebook group. HCC Defendants admit that Highland investigated the academic dishonesty concerns. HCC Defendants deny each and every other allegation contained in paragraph 67 of Plaintiffs' Complaint.

68.     HCC Defendants admit that the Plaintiffs were suspended from their coaching duties in late 2019 and/or early 2020 while the Highland investigation regarding academic dishonesty was undertaken.  HCC Defendants admit that the Plaintiff Ross (who paid no rent) was given 10 days, and Plaintiff Zinn was given 30 days, to vacate their housing.  Plaintiffs were told to have no contact with the team or school staff during the initial phase of the academic dishonesty investigation and their suspensions.  HCC Defendants deny each and every other allegation contained in paragraph 68 of Plaintiffs' Complaint.

69.     HCC Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint. To the contrary, the Plaintiffs were found to have violated both Highland and NJCAA rules and regulations.  Those violations are outlined in detail in letters sent to the NJCAA on February 25, 2020, and March 17, 2020.  Highland also hired outside investigators to look into Title IX concerns and those outside investigators found that there were no Title IX violations by Highland.  The outside investigators also confirmed that there was academic dishonesty that was perpetrated by the Plaintiffs.

70.     HCC Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     HCC Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.  HCC Defendants further state that coach employees are not handled in the same manner as faculty employees because faculty are governed by a negotiated agreement that does not include coaches.  HCC Defendants further state, on information and belief, that Eileen Groninger provided answers/responses to inquiries from the Plaintiffs.

72.     HCC Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     HCC Defendants admit that Kate Ogle's father contacted Highland to request his daughter's transfer from Highland so she could attend school with her sister.  That request was granted.  HCC Defendants also state that Kate Ogle was a white player from the state of Kansas. HCC Defendants deny each and every other allegation contained in paragraph 73 of Plaintiffs' Complaint and therefore deny the same.

74.     HCC Defendants admit, on information and belief, that one women's basketball game in January 2020 was cancelled due to weather-related issues, but deny that any games were cancelled due to Plaintiffs' suspensions.  HCC Defendants further each and every other allegation contained in paragraph 74 of Plaintiffs' Petition.

75.     HCC Defendants admit that Defendant Fox emailed the women's basketball team in late December 2019 to let them know that Plaintiffs had been placed on paid leave pending an investigation.  HCC Defendants deny the allegations contained in Footnote 3 and any remaining allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     HCC Defendants admit that the women's basketball team's return to campus date was changed to the same return to campus day as the men's basketball team but deny each and every other allegation contained in paragraph 76 of Plaintiffs' Complaint.

77.     HCC Defendants admit the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     HCC Defendants admit there was discussion with John Oler about the head women's basketball coaching position, but Coach Oler was only offered the interim women's head basketball coach position.  HCC Defendants deny each and every other allegation contained in paragraph 78 of Plaintiffs' Complaint.

79.     HCC Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     HCC Defendants admit the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     HCC Defendants admit that President Fox informed the players that there were concerns about academic dishonesty and that the Plaintiffs had been suspended.  HCC Defendants believe the team meeting was recorded and if so, the recording (to the extent it's shown to be accurate and legitimate) is the best evidence of what was said and transpired during the meeting with the players.  HCC Defendants state that the players informed President Fox that they gave their usernames and passwords to their coaches and that President Fox told them they should not do that.  Sharing such information is a violation of the Highland Student Identity Policy.  HCC Defendants deny each and every other allegation contained in paragraph 81 of Plaintiffs' Complaint.

82.     HCC Defendants admit that President Fox informed the players that there were concerns about academic dishonesty and that the Plaintiffs had been suspended.  HCC Defendants believe the team meeting was recorded and if so, the recording (to the extent it's shown to be accurate and legitimate) is the best evidence of what was said and transpired during the meeting with the players.  HCC Defendants state that the players informed President Fox that they gave their usernames and passwords to their coaches and that President Fox told them they should not do that.  Sharing such information is a violation of the Highland Student Identity Policy.  HCC Defendants deny each and every other allegation contained in paragraph 82 of Plaintiffs' Complaint.

83.     HCC Defendants admit that President Fox and Athletic Director Dorrel met with the parents of the student athletes and that the meeting was recorded by one of the parents.  HCC Defendants deny each and every other allegation contained in paragraph 83 of Plaintiffs' Complaint.

84.     HCC Defendants admit the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     HCC Defendants state that personnel matters related to its coaching staff are confidential and private matters and therefore did not disclose all of the details of those matters to the players and their parents.  Further, HCC Defendants state that Highland was in the midst of an investigation and decided it was best not to share all aspects of the investigation with the student athletes while the investigation was ongoing and/or until the investigation had been completed. HCC Defendants deny each and every other allegation contained in paragraph 85 of Plaintiffs' Complaint.

86.     HCC Defendants admit that at least part of the reason for the Plaintiffs' suspensions was to protect the best interests of the student athletes and in that regard, trying to avoid forfeiting any conference victories or causing further problems for the student athletes who may have been ineligible to participate in the various games.  HCC Defendants deny each and every other allegation contained in paragraph 86 of Plaintiffs' Complaint.

87.     HCC Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88.     HCC Defendants admit that Defendant Dorrel made the comments referenced in paragraph 88 of the Complaint, or something substantially similar.  HCC Defendants further state that, on information and belief, there is a recording of the meeting which would be the best

evidence of what exactly was said by any participant in the meeting. HCC Defendants deny that such comments are an example of false and defamatory statements and further deny each and every other allegation contained in paragraph 88 of Plaintiffs' Complaint.

89. HCC Defendants admit that the comments alleged in paragraph 89, or something similar, were made by Defendant Dorrel. HCC Defendants further state that, on information and belief, there is a recording of the meeting which would be the best evidence of what exactly was said by any participant in the meeting. HCC Defendants deny that the alleged comments are an example of false and defamatory statements, and deny each and every other allegation contained in paragraph 89 of Plaintiffs' Complaint.

90. HCC Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91. HCC Defendants admit that Plaintiffs' suspension letters from Highland to the Plaintiffs were published on social media by an individual unaffiliated with Highland or the Board (Supporters of BJ Smith Facebook page, shared to 174 individuals per Gordon Clary Facebook share). The news of Plaintiffs' suspensions had already been widely disseminated by the time or before any press release issued by Highland or President Fox. HCC Defendants state that the substance and language contained in any press release is the best evidence of any content allegedly posted and deny any allegations inconsistent with such content. HCC Defendants deny each and every other allegation contained in paragraph 91 of Plaintiffs' Complaint.

92. HCC Defendants admit the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93. HCC Defendants admit that Plaintiffs Zinn and Ross were asked to meet with The Board and that their requests, if any, to have an attorney present was denied by the HCC

Defendants.  HCC Defendants deny that Plaintiffs Zinn and Ross were "summoned before The Board" and further deny each and every other allegation contained in paragraph 93 of Plaintiffs' Complaint.

94.     HCC Defendants deny the allegations contained in paragraph 94 of Plaintiffs' Complaint. Plaintiffs all received a letter indicating that they had been suspended and therefore had notice of the charges made against them.  The January 15th Board meeting was one of several opportunities for the Plaintiffs to be heard; in other words, Plaintiffs had pre-termination due process.

95.     HCC Defendants deny the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.     HCC Defendants are presently without sufficient information and belief to admit or deny the allegations contained in paragraph 96 of Plaintiffs' Complaint and therefore deny the same.

97.     HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 97 of Plaintiffs' Complaint and therefore deny the same.

98.     HCC Defendants admit that Plaintiff Smith was reinstated as the Head Women's Basketball Coach in January 2020 and that Plaintiffs Ross and Zinn remained suspended.  HCC Defendants further state that Plaintiff Ross, an at-will employee, was terminated from employment on January 27, 2020, and given 10 days to vacate campus housing.  HCC Defendants further state that Plaintiff Zinn was informed at some point that he was not being recommended for renewal on his contract, but Highland would pay him out through June 30, 2020.  HCC Defendants deny each and every other allegation contained in paragraph 98 of Plaintiffs' Complaint.

99.     HCC Defendants deny the allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.     HCC Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.     HCC Defendants deny the allegations contained in paragraph 101 of Plaintiffs' Complaint.

102.     HCC Defendants deny the allegations contained in paragraph 102 of Plaintiffs' Complaint.

103.     HCC Defendants deny the allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.     HCC Defendants admit that Highland issued a statement on social media on or around February 21, 2020, about the academic dishonesty investigation it was undertaking.  HCC Defendants further state that the statement itself is the best evidence of what it said.  HCC Defendants deny each and every other allegation contained in paragraph 104 of Plaintiffs' Complaint.

105.     HCC Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106.     HCC Defendants admit that Highland issued a statement on social media on or around February 21, 2020, about the academic dishonesty investigation it was undertaking.  HCC Defendants further state that the statement itself is the best evidence of what it said.  HCC Defendants state that President Fox held a meeting with the women's basketball players and their parents on or about January 4, 2020.  That meeting was recorded.  It was during this meeting that parents made comments about and/or reported that players used their coaches' computers.  Parents

also submitted unsolicited letters to the Board claiming use of coaches' computers. Parents asked President Fox if the NJCAA bylaws say a player cannot use a coaches' computer.  President Fox responded that the bylaws do not.  However, the NJCAA defines an impermissible benefit and NJCAA compliance officer, Wanda Bodey, clarified in an email dated January 13, 2020 to President Fox that "if it was a one-time occurrence, it would not be an issue.  If there is continued usage or letting the student-athlete keep the computer then it would be considered an impermissible benefit."   The parents also told President Fox during the meeting that she could just look at the Word Properties of a document to determine who authored the document.  President Fox agreed and told them they were right.  After the meeting, Highland also heard from patrons and employees about Plaintiff Smith through unsolicited letters to the Board.  Numerous Highland employees expressed their concern about the actions of Plaintiff BJ Smith and his possible return to his coaching position.  HCC Defendants deny each and every other allegation contained in paragraph 106 of Plaintiffs' Complaint.

107.    HCC Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.    HCC Defendants deny the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.    HCC Defendants are presently without sufficient information to admit or deny the allegations contained in paragraph 109 of Plaintiffs' Complaint and therefore deny the same.  HCC Defendants further state that Plaintiff Smith was the target of an NCAA investigation at his prior coaching job at Southeast Missouri State University (SEMO).  See **Exhibit G**.  According to news reports, Plaintiff Smith was allowed to keep coaching, but SEMO was "stripped of certain titles during his time as a coach at…SEMO and the school was ultimately placed on probation."  *Id.*

Further, Plaintiff Smith was the subject of an indictment that was filed in the United States District Court, Eastern District of Missouri, Eastern Division (Case No. 4:13-cr-00143-CDP). See **Exhibit H**. On information and belief, Plaintiff Smith pleaded guilty to 6 counts of Mail Fraud (Counts 1, 46, 47, 49, 51, and 52 of the indictment) on or about April 1, 2014 and was sentenced to probation for a term of three years.

110.    HCC Defendants are without sufficient information to admit or deny the allegations contained in paragraph 110 of Plaintiffs' Complaint and therefore deny the same. HCC Defendants further state that the NJCAA bylaws are the best evidence of what is allowed or not.

111.    HCC Defendants are without sufficient information to admit or deny the allegations contained in paragraph 111 of Plaintiffs' Complaint and therefore deny the same.

112.    HCC Defendants admit that Plaintiff Ross was quoted in a Kansas City Star news article that was published after the date of his termination from employment (January 27, 2020). HCC Defendants further state that the news article did not contain any specific allegations or identification of any Highland employees or events, but only included vague and non-descript comments. HCC Defendants deny that Plaintiff Ross had legitimate concerns about racial issues, deny that he ever reported any purported concerns to Highland, and deny each and every other allegation contained in paragraph 112.

113.    HCC Defendants admit that the Kansas City Star published an article on or about February 15, 2020 in which Plaintiff Ross was quoted. HCC Defendants state that the best evidence regarding the substance of statements reported in the Kansas City Star are the newspaper articles themselves. HCC Defendants deny any allegations contained in paragraph 113 of Plaintiffs' Complaint that are inconsistent with the newspaper articles. HCC Defendants further state that the news article did not contain any specific allegations or identification of any Highland

employees or events, but only included vague and non-descript comments.  HCC Defendants deny that Plaintiff Ross had legitimate concerns about racial issues, deny that he ever reported any purported concerns to Highland, and deny each and every other allegation contained in paragraph 113 of Plaintiffs' Complaint.

114.    HCC Defendants admit that the Kansas City Star published an article on or about February 15, 2020 in which Plaintiff Ross was quoted.  HCC Defendants state that the best evidence regarding the substance of statements reported in the Kansas City Star are the newspaper articles themselves.  HCC Defendants deny any allegations contained in paragraph 114 of Plaintiffs' Complaint that are inconsistent with the newspaper articles.  HCC Defendants further state that the news article did not contain any specific allegations or identification of any Highland employees or events, but only included vague and non-descript comments.  HCC Defendants further state that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to Plaintiffs.  HCC Defendants deny that Plaintiff Ross had legitimate concerns about racial issues, deny that he ever reported any purported concerns to Highland, and deny each and every other allegation contained in paragraph 114 of Plaintiffs' Complaint.

115.    HCC Defendants state that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to Plaintiffs.  HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 115 of Plaintiffs' Complaint and therefore deny the same.  HCC Defendants state

116.    HCC Defendants state that any alleged comments to the media about discrimination occurred after the decisions about Plaintiffs' employment status were made and communicated to

Plaintiffs. HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 116 of Plaintiffs' Complaint and therefore deny the same.

117.    HCC Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.    HCC Defendants states that President Fox met with Plaintiff Zinn and he was told on January 27, 2020 that his contract would not be renewed.  HCC Defendants further state that Plaintiff Zinn was given the opportunity to address the allegations against him prior to any decisions about his employment.  HCC Defendants admit that Plaintiff Zinn was told that Highland would pay out the remainder of his contract or he could choose to resign.  HCC Defendants deny each and every other allegation contained in paragraph 118 of Plaintiffs' Complaint.

119.    HCC Defendants deny the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.    HCC Defendants states that President Fox met with Plaintiff Zinn and he was told on January 27, 2020 that his contract would not be renewed.  HCC Defendants further state that Plaintiff Zinn was given the opportunity to address the allegations against him prior to any decisions about his employment.  HCC Defendants admit that Plaintiff Zinn was told that Highland would pay out the remainder of his contract or he could choose to resign.  HCC Defendants deny each and every other allegation contained in paragraph 120 of Plaintiffs' Complaint.

121.    HCC Defendants deny the allegation contained in paragraph 121 of Plaintiffs' Complaint.

122.    HCC Defendants admit that Plaintiff Zinn was not formally or officially sanctioned by the NJCAA, but Highland concluded through its investigation, which was confirmed by a third

party, that Plaintiff Zinn was involved in the academic dishonesty conduct.  HCC Defendants deny each and every other allegation contained in paragraph 122 of Plaintiffs' Complaint.

123.    HCC Defendants deny that Plaintiff Zinn was never provided notice of the charges against him and further deny that Plaintiff Zinn was never given any opportunity to respond to those charges.  Plaintiff Zinn met with the Board on two separate occasions – January 15, 2020 and April 28, 2020.  Both times, Plaintiff Zinn was told about the allegations and the results of the Highland investigation and given the opportunity to respond.  HCC Defendants deny each and every other allegation contained in paragraph 123 of Plaintiffs' Complaint.

124.    HCC Defendants admit that Plaintiff Zinn was not formally or officially sanctioned by the NJCAA (the NJCAA does not sanction on violations of individual College policy violations), but Highland concluded through its investigation, which was confirmed by a third party, that Plaintiff Zinn was involved in the academic dishonesty conduct.  HCC Defendants deny each and every other allegation contained in paragraph 124 of Plaintiffs' Complaint.

125.    HCC Defendants state that Plaintiff Ross, who was an at-will employee without an employment contract, was terminated from employment on January 27, 2020 during a meeting with President Fox and Eileen Groninger.  HCC Defendants deny each and every other allegation contained in paragraph 125 of Plaintiff's Complaint.

126.    HCC Defendants state that Plaintiff Ross was aware of the allegations against him, given an opportunity to address or rebut those allegations, and was aware of the reasons for his termination from employment on January 27, 2020.  Plaintiff Ross was aware of his involvement in the academic dishonesty incidents as well.  Plaintiff Ross provided President Fox, via email, the assignments he uploaded on behalf of two women student athlete basketball players.   HCC

Defendants deny each and every other allegation contained in paragraph 126 of Plaintiffs' Complaint.

127.     HCC Defendants admit that Plaintiff Ross was given 10 days' notice to vacate his Highland housing pursuant to KSA 58-2504. HCC Defendants further state that January 27, 2020, was before the "deadly pandemic."   HCC Defendants deny each and every other allegation contained in paragraph 127 of Plaintiffs' Complaint.

128.     HCC Defendants admit that Plaintiffs Ross and Zinn were both given notice to vacate their Highland-provided housing pursuant to KSA 58-2504.  HCC Defendants deny each and every other allegation contained in paragraph 128 of Plaintiffs' Complaint.

129.     HCC Defendants state that Plaintiff Zinn was only paying $100 per month and therefore was given 30 days' notice to vacate the Highland-provided housing.  Plaintiff Ross was not paying any rent and was therefore given 10 days' notice to vacate the Highland-provided housing.  HCC Defendants deny each and every other allegation contained in paragraph 129 of Plaintiffs' Complaint.

130.     HCC Defendants deny the allegations contained in paragraph 130 of Plaintiffs' Complaint.

131.     HCC Defendants admit that Defendant Fox contacted the Jayhawk Conference Commissioner and the Region IV Women's Coordinator about various concerns and information received about Plaintiffs (not just limited to the academic dishonesty issues), but deny each and every other allegation contained in paragraph 131 of Plaintiffs' Complaint.

132.     HCC Defendants deny the allegations contained in paragraph 132 of Plaintiffs' Complaint.

133.    HCC Defendants state that Plaintiff Smith's contract was non-renewed on April 28, 2020 following a discussion with the Board.  HCC Defendants deny each and every other allegation contained in paragraph 133 of Plaintiffs' Complaint.

134.    HCC Defendants admit that Plaintiffs were suspended with pay from coaching in December 2019.  HCC Defendants deny each and every other allegation contained in paragraph 134 of Plaintiffs' Complaint.

135.    HCC Defendants deny the allegations contained in paragraph 135 of Plaintiffs' Complaint.

136.    HCC Defendants are without sufficient information and belief to admit or deny the allegations contained in paragraph 136 of Plaintiffs' Complaint and therefore deny the same.  HCC Defendants doubt that Plaintiff Smith believed he would be anonymous – on information and belief, there were quotes from him in the article – and further state that Women's basketball players were all given the opportunity to report Title IX concerns or violations (Highland emailed them all) but no complaints or concerns were reported.

137.    HCC Defendants admit that Kansas City Star published a news article on March 15, 2020.  HCC Defendants deny that Plaintiff Smith had legitimate concerns about racial issues, deny that he ever reported any supposed concerns to Highland, and deny each and every other allegation contained in paragraph 137 of Plaintiffs' Complaint.

138.    HCC Defendants deny that the needs, academic or otherwise, of the Highland student athletes were negatively affected by the Highland academic dishonesty investigation or the suspensions of the Plaintiffs.  To the contrary, Highland places utmost importance on its students and their academic and athletic well-being and improvement.  That did not change during the time

that Plaintiffs were suspended from coaching.  HCC Defendants deny each and every other allegation contained in paragraph 138 of Plaintiffs' Complaint.

139.    HCC Defendants deny the allegations contained in paragraph 139 of Plaintiffs' Complaint.

140.     HCC Defendants deny the allegations contained in paragraph 140 of Plaintiffs' Complaint.

141.    HCC Defendants admit that Plaintiff Smith's suspension with pay was lifted on January 20, 2020.  HCC Defendants admit that Plaintiff Zinn remained suspended with pay through the end of his contract after being notified of the decision to non-renew his contract and after he was given the opportunity to resign his employment.  HCC Defendants state that Plaintiff Ross's employment was terminated on January 27, 2020.  HCC Defendants deny each and every other allegation contained in paragraph 141 of Plaintiffs' Complaint.

142.    HCC Defendants state that all Plaintiffs were informed about, and knew or should have known of, their employment status at all relevant times.  HCC Defendants deny each and every other allegation contained in paragraph 142 of Plaintiffs' Complaint

143.    HCC Defendants admit that Plaintiff Smith asked one time about hiring assistant coaches and he was told that he could hire an assistant but the assistant had to be a current employee.  HCC Defendants deny each and every other allegation contained in paragraph 143 of Plaintiffs' Complaint.

144.    HCC Defendants are presently without sufficient information to admit or deny the allegations contained in paragraph 144 of Plaintiffs' Complaint and therefore deny the same.

145.    HCC Defendants admit that Plaintiff Smith did most of the coaching work.  HCC Defendants state that, on information and belief, that this was not much different than before.  HCC

Defendants deny that the team felt that their season had been ruined or that there was a deep sense of uneasiness about what each day held. HCC Defendants deny each and every other allegation contained in paragraph 145 of Plaintiffs' Complaint.

146.    HCC Defendants admit that the Highland women's basketball team made it to post-season play during the 2019-2020 season and made it to the Region Semi-Finals before the Pandemic ended the season. HCC Defendants deny each and every other allegation contained in paragraph 146 of Plaintiffs' Complaint.

147.    HCC Defendants admit that Highland initiated an independent investigation into the equal treatment of women and men related to investigating academic dishonesty in February 2020. At or around the same time, Highland was investigating the academic dishonesty issues involving the Plaintiffs. Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues. HCC Defendants further admit that a report was prepared by Husch Blackwell. The outside investigator concluded that Highland did not deprive the team of an educational right or benefit in violation of Title IX. HCC Defendants deny each and every other allegation contained in paragraph 147 of Plaintiffs' Complaint.

148.    HCC Defendants admit that Highland initiated an independent investigation into the equal treatment of women and men related to investigating academic dishonesty in February 2020. At or around the same time, Highland was investigating the academic dishonesty issues involving the Plaintiffs. Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues. HCC Defendants further admit that a report was prepared by Husch Blackwell. The outside investigator concluded that Highland did not deprive the team of an educational right or benefit in violation of Title IX. HCC Defendants deny each and every other allegation contained in paragraph 148 of Plaintiffs' Complaint.

149.    HCC Defendants admit that Highland initiated an independent investigation into the equal treatment of women and men in February 2020, during the time the college was investigating the Plaintiffs' academic dishonesty issues.  Husch Blackwell was hired to conduct the outside investigation regarding Title IX issues.  HCC Defendants further admit that a report was prepared by Husch Blackwell. Highland did not deprive the team of an educational right or benefit in violation of Title IX.  HCC Defendants deny each and every other allegation contained in paragraph 149 of Plaintiffs' Complaint.

150.    HCC Defendants deny the allegations contained in paragraph 150 of Plaintiffs' Complaint.

151.    HCC Defendants deny the allegations contained in paragraph 151 of Plaintiffs' Complaint.

152.    HCC Defendants deny the allegations contained in paragraph 152 of Plaintiffs' Complaint.

153.    To the extent paragraph 153 calls for a legal conclusion, no response is required from these Defendants. To the extent a response is required, HCC Defendants deny the allegations contained in paragraph 153 of Plaintiffs' Complaint.

154.    HCC Defendants admit the allegations contained in paragraph 154 of Plaintiffs' Complaint.

155.    HCC Defendants deny the allegations contained in paragraph 155 of Plaintiffs' Complaint.

156.    HCC Defendants admit that the Plaintiffs in *Perks* were young African- American men and women who attended Highland during the fall 2019 semester.  HCC Defendants deny each and every other allegation contained in paragraph 156 of Plaintiffs' Complaint.

157.     HCC Defendants deny the allegations contained in paragraph 157 of Plaintiffs' Complaint.

158.     HCC Defendants deny the allegations contained in paragraph 158 of Plaintiffs' Complaint.

159.     HCC Defendants deny the allegations contained in paragraph 159 of Plaintiffs' Complaint.

160.     HCC Defendants admit that a settlement was reached in the *Perks* lawsuit in or around January 2021.  HCC Defendants state that the settlement agreement itself is the best evidence of what the settlement terms were.  HCC Defendants deny each and every other allegation contained in paragraph 160 of Plaintiffs' Complaint.

161.     HCC Defendants deny the allegations contained in paragraph 161 of Plaintiffs' Complaint.

162.     HCC Defendants deny the allegations contained in paragraph 162 of Plaintiffs' Complaint.

163.     HCC Defendants deny the allegations contained in paragraph 163 of Plaintiffs' Complaint.

164.     HCC Defendants deny the allegations contained in paragraph 164 of Plaintiffs' Complaint.

## COUNT I
### (Stigma-Plus Due Process Against Defendant HCC – Property Interest)

165.     In response to paragraph 165 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 164 above as though fully set forth herein.

166.    HCC Defendants admit that Plaintiffs bring a claim pursuant to 42 U.S.C. §1983, but deny each and every other allegation contained in paragraph 166.

167.    To the extent paragraph 167 calls for a legal conclusion, no response is required from these Defendants. To the extent a response is required, HCC Defendants deny the allegations contained in paragraph 167 of Plaintiffs' Complaint.

168.    To the extent paragraph 168 calls for a legal conclusion, no response is required from these Defendants. To the extent a response is required, HCC Defendants deny the allegations contained in paragraph 168 of Plaintiffs' Complaint.

169.    To the extent paragraph 169 calls for a legal conclusion, no response is required from these Defendants. To the extent a response is required, HCC Defendants deny the allegations contained in paragraph 169 of Plaintiffs' Complaint.

170.    HCC Defendants deny the allegations contained in paragraph 170 of Plaintiffs' Complaint.

171.    HCC Defendants deny the allegations contained in paragraph 171 of Plaintiffs' Complaint.

172.    HCC Defendants deny the allegations contained in paragraph 172 of Plaintiffs' Complaint.

173.    HCC Defendants deny the allegations contained in paragraph 173 of Plaintiffs' Complaint.

174.    HCC Defendants deny the allegations contained in paragraph 174 of Plaintiffs' Complaint.

175.    HCC Defendants deny the allegations contained in paragraph 175 of Plaintiffs' Complaint.

176.    HCC Defendants deny the allegations contained in paragraph 176 of Plaintiffs' Complaint.

177.    HCC Defendants deny the allegations contained in paragraph 177 of Plaintiffs' Complaint.

178.    HCC Defendants deny the allegations contained in paragraph 178 of Plaintiffs' Complaint.

179.    HCC Defendants deny the allegations contained in paragraph 179 of Plaintiffs' Complaint.

180.    HCC Defendants deny the allegations contained in paragraph 180 of Plaintiffs' Complaint.

181.    HCC Defendants deny the allegations contained in paragraph 181 of Plaintiffs' Complaint.

182.    HCC Defendants deny the allegations contained in paragraph 182 of Plaintiffs' Complaint.

183.    HCC Defendants deny the allegations contained in paragraph 183 of Plaintiffs' Complaint.

## <u>COUNT II</u>
**(Stigma-Plus Due Process Against Defendant HCC – Liberty Interest)**

184.    In response to paragraph 184 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 183 above as though fully set forth herein.

185.    HCC Defendants state that the allegations contained in paragraph 185 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants.

To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 185 of Plaintiffs' Complaint.

186.    HCC Defendants state that the allegations contained in paragraph 186 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 186 of Plaintiffs' Complaint.

187.    HCC Defendants deny the allegations contained in paragraph 187 of Plaintiffs' Complaint.

188.    HCC Defendants deny the allegations contained in paragraph 188 of Plaintiffs' Complaint.

189.    HCC Defendants deny the allegations contained in paragraph 189 of Plaintiffs' Complaint.

190.    HCC Defendants deny the allegations contained in paragraph 190 of Plaintiffs' Complaint.

191.    HCC Defendants deny the allegations contained in paragraph 191 of Plaintiffs' Complaint.

192.    HCC Defendants deny the allegations contained in paragraph 192 of Plaintiffs' Complaint.

## COUNT III
### (Violation of 42 U.S.C. § 1981 Against All Defendants)

193.    In response to paragraph 193 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 192 above as though fully set forth herein.

194. HCC Defendants admit that Plaintiffs Zinn and Ross assert a claim for discrimination based on race pursuant to 42 U.S.C. § 1981, but deny each and every other allegation contained in paragraph 194 of Plaintiffs' Complaint.

195. HCC Defendants admit the allegations contained in paragraph 195 of Plaintiffs' Complaint.

196. HCC Defendants deny the allegations contained in paragraph 196 of Plaintiffs' Complaint.

197. HCC Defendants deny the allegations contained in paragraph 197 of Plaintiffs' Complaint.

198. HCC Defendants deny the allegations contained in paragraph 198 of Plaintiffs' Complaint.

199. HCC Defendants deny the allegations contained in paragraph 199 of Plaintiffs' Complaint.

200. HCC Defendants deny the allegations contained in paragraph 200 of Plaintiffs' Complaint.

201. HCC Defendants deny the allegations contained in paragraph 201 of Plaintiffs' Complaint.

202. HCC Defendants deny the allegations contained in paragraph 202 of Plaintiffs' Complaint.

203. HCC Defendants deny the allegations contained in paragraph 203 of Plaintiffs' Complaint.

204. HCC Defendants deny the allegations contained in paragraph 204 of Plaintiffs' Complaint.

205.    HCC Defendants deny the allegations contained in paragraph 205 of Plaintiffs' Complaint.

206.    HCC Defendants deny the allegations contained in paragraph 206 of Plaintiffs' Complaint.

## COUNT IV
### (Retaliation under § 1981 Against All Defendants)

207.    In response to paragraph 207 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 206 above as though fully set forth herein.

208.    HCC Defendants admit that Plaintiffs are bringing a claim for retaliation under § 1981, but deny each and every other allegation contained in paragraph 208 of Plaintiffs' Complaint.

209.    HCC Defendants state that the allegations contained in paragraph 209 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 209 of Plaintiffs' Complaint.

210.    HCC Defendants state that the allegations contained in paragraph 210 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 210 of Plaintiffs' Complaint.

211.    HCC Defendants deny the allegations contained in paragraph 211 of Plaintiffs' Complaint.

212.    HCC Defendants deny the allegations contained in paragraph 212 of Plaintiffs' Complaint.

213.   HCC Defendants deny the allegations contained in paragraph 213 of Plaintiffs' Complaint.

214.   HCC Defendants deny the allegations contained in paragraph 214 of Plaintiffs' Complaint.

215.   HCC Defendants deny the allegations contained in paragraph 215 of Plaintiffs' Complaint.

216.   HCC Defendants deny the allegations contained in paragraph 216 of Plaintiffs' Complaint.

217.   HCC Defendants deny the allegations contained in paragraph 217 of Plaintiffs' Complaint.

## COUNT V
### (Retaliation Under Title IX Against Defendant HCC)

218.   In response to paragraph 218 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 217 above as though fully set forth herein.

219.   HCC Defendants admit that Plaintiffs bring a cause of action for retaliation under Title IX, but deny each and every other allegation contained in paragraph 219 of Plaintiffs' Complaint.

220.   HCC Defendants state that the allegations contained in paragraph 220 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 220 of Plaintiffs' Complaint.

221.   HCC Defendants state that the allegations contained in paragraph 221 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants.

To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 221 of Plaintiffs' Complaint.

222.    HCC Defendants state that the allegations contained in paragraph 222 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 222 of Plaintiffs' Complaint.

223.    HCC Defendants deny the allegations contained in paragraph 223 of Plaintiffs' Complaint.

224.    HCC Defendants deny the allegations contained in paragraph 224 of Plaintiffs' Complaint.

225.    HCC Defendants deny the allegations contained in paragraph 225 of Plaintiffs' Complaint.

226.    HCC Defendants deny the allegations contained in paragraph 226 of Plaintiffs' Complaint.

227.    HCC Defendants deny the allegations contained in paragraph 227 of Plaintiffs' Complaint.

228.    HCC Defendants deny the allegations contained in paragraph 228 of Plaintiffs' Complaint.

229.    HCC Defendants deny the allegations contained in paragraph 229 of Plaintiffs' Complaint.

## COUNT VI
### (Racial Discrimination Under Title VI Against HCC)

230.    In response to paragraph 230 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 229 above as though fully set forth herein.

231.    HCC Defendants admit that Plaintiffs Zinn and Ross bring a race discrimination claim pursuant to Title VI, but deny each and every other allegation contained in paragraph 231 of Plaintiffs' Complaint.

232.    HCC Defendants state that the allegations contained in paragraph 232 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 232 of Plaintiffs' Complaint.

233.    HCC Defendants state that the allegations contained in paragraph 233 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 233 of Plaintiffs' Complaint.

234.    HCC Defendants state that the allegations contained in paragraph 234 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 234 of Plaintiffs' Complaint.

235.    HCC Defendants deny the allegations contained in paragraph 235 of Plaintiffs' Complaint.

236.    HCC Defendants deny the allegations contained in paragraph 236 of Plaintiffs' Complaint.

237.   HCC Defendants deny the allegations contained in paragraph 237 of Plaintiffs' Complaint.

238.   HCC Defendants deny the allegations contained in paragraph 238 of Plaintiffs' Complaint.

239.   HCC Defendants deny the allegations contained in paragraph 239 of Plaintiffs' Complaint.

240.   HCC Defendants deny the allegations contained in paragraph 240 of Plaintiffs' Complaint.

241.   HCC Defendants deny the allegations contained in paragraph 241 of Plaintiffs' Complaint.

## COUNT VII
### (Title VI Retaliation Against HCC)

242.   In response to paragraph 242 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 241 above as though fully set forth herein.

243.   Defendants admit that Plaintiffs bring a cause of action for Title VI retaliation, but deny each and every other allegation contained in paragraph 243 of Plaintiffs' Complaint.

244.   HCC Defendants state that the allegations contained in paragraph 244 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants. To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 244 of Plaintiffs' Complaint.

245.   HCC Defendants state that the allegations contained in paragraph 245 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants.

To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 245 of Plaintiffs' Complaint.

246.    HCC Defendants deny the allegations contained in paragraph 246 of Plaintiffs' Complaint.

247.    HCC Defendants deny the allegations contained in paragraph 247 of Plaintiffs' Complaint.

248.    HCC Defendants deny the allegations contained in paragraph 248 of Plaintiffs' Complaint.

249.    HCC Defendants deny the allegations contained in paragraph 249 of Plaintiffs' Complaint.

250.    HCC Defendants deny the allegations contained in paragraph 250 of Plaintiffs' Complaint.

251.    HCC Defendants deny the allegations contained in paragraph 251 of Plaintiffs' Complaint.

## COUNT VIII
### (Conspiracy Under 42 U.S.C. 1985 Against All Defendants)

252.    In response to paragraph 252 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 252 above as though fully set forth herein.

253.    HCC Defendants admit that Plaintiffs bring a claim for civil right conspiracy pursuant to 42 U.S.C. 1985, but deny each and every other allegation contained in paragraph 253 of Plaintiffs' Complaint.

254.    HCC Defendants state that the allegations contained in paragraph 254 of Plaintiffs' Complaint are legal conclusions and therefore do not require a response from these Defendants.

To the extent a response is later deemed to be required, the HCC Defendants deny the allegations contained in paragraph 254 of Plaintiffs' Complaint.

255.    HCC Defendants deny the allegations contained in paragraph 255 of Plaintiffs' Complaint.

256.    HCC Defendants deny the allegations contained in paragraph 256 of Plaintiffs' Complaint.

257.    HCC Defendants deny the allegations contained in paragraph 257 of Plaintiffs' Complaint.

258.    HCC Defendants deny the allegations contained in paragraph 258 of Plaintiffs' Complaint.

259.    HCC Defendants deny the allegations contained in paragraph 259 of Plaintiffs' Complaint.

260.    HCC Defendants deny the allegations contained in paragraph 260 of Plaintiffs' Complaint.

261.    HCC Defendants deny the allegations contained in paragraph 261 of Plaintiffs' Complaint.

262.    HCC Defendants deny the allegations contained in paragraph 262 of Plaintiffs' Complaint.

263.    HCC Defendants deny the allegations contained in paragraph 263 of Plaintiffs' Complaint.

264.    HCC Defendants deny the allegations contained in paragraph 264 of Plaintiffs' Complaint.

265.     HCC Defendants deny the allegations contained in paragraph 265 of Plaintiffs' Complaint.

266.     HCC Defendants deny the allegations contained in paragraph 266 of Plaintiffs' Complaint.

## COUNT IX
**(Failure to Protect Under 42 U.S.C. § 1986 Against Defendants Karn and The Board)**

267.     In response to paragraph 267 of Plaintiffs' Complaint, HCC Defendants hereby incorporate by reference each of their responses to paragraphs 1 through 266 above as though fully set forth herein.

268.     HCC Defendants admit that Plaintiffs bring a claim for failure to protect under 42 U.S.C. 1986, but deny each and every other allegation contained in paragraph 268 of Plaintiffs' Complaint.

269.     HCC Defendants deny the allegations contained in paragraph 269 of Plaintiffs' Complaint.

270.     HCC Defendants deny the allegations contained in paragraph 270 of Plaintiffs' Complaint.

271.     HCC Defendants deny the allegations contained in paragraph 271 of Plaintiffs' Complaint.

272.     HCC Defendants deny the allegations contained in paragraph 272 of Plaintiffs' Complaint.

273.     HCC Defendants deny the allegations contained in paragraph 273 of Plaintiffs' Complaint.

274.     HCC Defendants deny the allegations contained in paragraph 274 of Plaintiffs' Complaint.

275.     HCC Defendants deny the allegations contained in paragraph 275 of Plaintiffs' Complaint.

276.     HCC Defendants deny the allegations contained in paragraph 276 of Plaintiffs' Complaint including the WHEREFORE clause of Count IX of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

HCC Defendants' affirmative and other defenses are set forth below.  By stating a defense, HCC Defendants do not thereby assume the burden of proof on such defense except to the extent applicable law required HCC Defendants to plead and prove the defense in order to avail themselves of the defense.  HCC Defendants reserve the right to assert any additional defenses that arise during discovery or evidence presented at trial.

277.     Plaintiffs' Complaint fails to state a claim or cause upon which relief may be granted and should accordingly be dismissed.

278.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs have failed to mitigate their damages herein.

279.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs' claims are barred in whole or in part to the extent they failed to comply with the jurisdictional and/or procedural prerequisites for any claims in this action.

280.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that if they are deemed to be state actors, then their actions were discretionary in nature and therefore they are entitled to immunity, qualified or otherwise.

281.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs' cause of action under 42 U.S.C. § 1983 is barred because a comprehensive remedial scheme(s) already exists for such claims.

282.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiff has not, and cannot, point to a custom, policy, or practice of the HCC Defendants that violated Plaintiffs' constitutional rights (if any).

283.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs had no constitutional rights that were violated by any of the Defendants.

284.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants assert that any action they took with respect to Plaintiffs or Plaintiffs' employment was for a legitimate, non-discriminatory reason.

285.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that some or all of the claims alleged in the Complaint may be barred, in whole or in part, by the applicable statute of limitations, laches, waiver, and/or estoppel.

286.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that compensatory or punitive damages are barred and/or limited to the amounts authorized by Federal or Kansas law.

287.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that they did not intentionally discriminate against Plaintiffs during the course of Plaintiffs' employment or in decisions made about Plaintiffs' employment with Defendants based on race or any other protected class.

288.     For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs were not treated differently from any other similarly situated person who was not a member of Plaintiffs' alleged protected class and/or that any difference in treatment, which is hereby denied, was not due to protected class status.

289.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by them or to avoid harm otherwise.

290.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that they exercised appropriate business judgment in making employment decisions concerning Plaintiffs.

291.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs' damages, if any, were caused by their own conduct.

292.    For further answer and defenses to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs are not entitled to a jury trial on claims for back-pay, front-pay, interest, or equitable relief.

293.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Plaintiffs' claims are barred, or limited, as a result of the after-acquired evidence doctrine in that the Defendants have learned, subsequently to Plaintiffs' separation from employment, of various other performance problems that were occurring while Plaintiffs were employed for HCC.

294.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that any and all allegations not specifically admitted herein are denied.

295.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants reserve the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

296.    Plaintiffs' alleged damages, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by HCC Defendants.  Accordingly, any such damages should either be completely denied or apportioned according to the evidence.

297.    Plaintiffs' alleged damages, to the extent any exist, are speculative and uncertain, and therefore, not compensable.

298.    HCC Defendants deny committing any violation of any law, including but not limited to Title VI of the Civil Rights Act, the Fourteenth Amendment, and the Fourth Amendment.

299.    Any recovery on Plaintiffs' Complaint is barred, in whole or in part, because Defendants maintained policies prohibiting unlawful conduct and providing an educational environment free from discrimination, harassment, and retaliation.

300.    Some of all of Plaintiffs' claims are barred by the doctrine of Qualified Immunity.

301.    Some of all of Plaintiffs' claims are barred by the doctrine of Governmental Immunity.

302.    Some or all of Plaintiffs' claims are barred because, to the extent Plaintiff reported any alleged discrimination, harassment, or retaliation, HCC Defendants promptly investigated the report and took prompt and appropriate remedial action.

303.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Count I of Plaintiffs' Complaint should be dismissed as a matter of law because none of the Plaintiffs had a protected property interest in their employment, or continued employment, sufficient to invoke due process considerations.

304.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Counts III, IV, VIII, and IX of Plaintiffs' Complaint should be dismissed as a matter of law because the individual defendants were all acting in their official capacities and therefore these claims, as asserted against the individual defendants, are in reality simply claims against the organization(s) and therefore are redundant.

305.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Count II of Plaintiffs' Complaint should be dismissed as a matter of law because none of the Plaintiffs had a protected liberty interest related to their employment, or continued employment, sufficient to invoke due process considerations.

306.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that Counts III and IV of Plaintiff's Complaint should be dismissed as to the HCC Defendants because 42 USC 1981 does not provide for a cause of action against state actors and the exclusive remedy for such claims is under 42 USC 1983.

307.    For further answer and defense to Plaintiffs' Complaint, HCC Defendants state that to the extent any due process was required, the Plaintiffs were provided with constitutionally-adequate due process that included, but was not limited to, a "pre-termination" hearing, oral notice of the charges against them, written notice of the charges against them, and explanation of the employer's evidence, and a full and fair opportunity to present their side of the story.

WHEREFORE, Defendants Highland Community College and The Board of Trustees for HCC, having fully answered Plaintiffs' Complaint, pray that Plaintiffs take naught by their Complaint and for such further and other relief as the Court deems just and equitable, including attorney fees and costs pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

COMES NOW Defendants Highland Community College and The Board of Trustees for HCC, by and through counsel, and request trial by jury on all issues in the above-entitled matter.

Respectfully submitted,

Sanders Warren & Russell LLP

/s/ Sean M. Sturdivan
Sean M. Sturdivan      KS Bar No. 21286
Tracy M. Hayes         KS Bar No. 23119
Kaitlin Marsh-Blake    KS Bar No. 26462
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrllp.com
Email: t.hayes@swrllp.com
Email: k.marsh-blake@swrllp.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

William C. Odle
The Odle Law Firm, LLC
6½ East First Street, Suite 2
Parkville, Missouri 64152
Phone: (816) 631-5220
Facsimile: (816) 631-5225
Email: wodle@odlelawfirm.com
**ATTORNEY FOR PLAINTIFF**

/s/ Sean M. Sturdivan
**ATTORNEY**