## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

B.J. SMITH, BRADFORD ZINN,    )
and JERED ROSS,    )
    )    Case No. 22-CV-02048
        Plaintiffs,    )
v.    )
    )
HIGHLAND COMMUNITY    )
COLLEGE (HCC), THE BOARD OF    )
TRUSTEES FOR HCC, RUSSELL KARN, )
DEBORAH FOX, and BRYAN DORREL,  )
    )
        Defendants.    )

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' EXPERT AND MEMORANDUM IN SUPPORT THEREOF

COME NOW Defendants Highland Community College ("HCC"), The Board of Trustees for HCC, Russell Karn, Deborah Fox, and Bryan Dorrel (collectively "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule 26(a)(2)(b), respectfully moves for an Order from this Court striking Plaintiffs' disclosure of its expert, Dan Beebe.

In support of this Motion, Defendants state as follows:

### I.    Statement of the Case

This a complex employment case wherein Plaintiffs are asserting claims for Title IX retaliation, 14th Amendment violations of liberty and property interests, racial discrimination and retaliation under 42 U.S.C. §1981 and Title VI, conspiracy, and violations of 42 U.S.C. §1986 for failure to protect. Plaintiffs formerly coached women's basketball at Highland Community College located in Highland, Kanas. Plaintiffs Smith and Zinn had written employment contracts. Plaintiff Ross was an at will assistant coach. Plaintiffs allege, among other things, that HCC, its employees, and Board of Trustees committed violations of Title IX when they suspended Plaintiffs from coaching the women's basketball team for academic misconduct; that HCC engaged in "a

1

concerted campaign to discourage African American student-athletes from attending HCC"; that all defendants were involved in harassment based on race; that the defendants defamed the Plaintiffs; and that the Defendants violated the Plaintiffs' due process rights.

## II.      Statement of Facts

1.      Pursuant to the controlling Scheduling Order [Doc. 52], Plaintiffs' expert disclosures were due on or before January 4, 2023.

2.      Plaintiffs requested, and Defendants agreed to, a one-week extension of time for Plaintiffs to provide their expert disclosures. At approximately 12:00AM on January 12, 2023, Plaintiffs e-mailed their disclosures. *See* Exhibit A, email from Plaintiffs' counsel to Defendant counsel; Exhibit B, the report attached to Exhibit A.  The email and attached disclosure was received by Defense counsel on January 12, 2023.  After discussion between counsel, the "sent" email was provided indicating that the disclosure was apparently sent at 11:59:45 on January 11, 2023.  As such, the timeliness of the disclosure has been worked out between the parties and Defendants do not contend the purported expert designation is untimely.

3.      On January 12, 2023, Plaintiffs filed their Certificate of Service related to the expert designation, and certified that "Plaintiffs served their **expert designation**, along with his report, via electronic mail on Defendants' counsel of record."  *See* Certificate of Service, Doc. 79 (emphasis added).

4.      No "expert designation" has been provided to Defendants beyond the statement by Plaintiffs' counsel's paralegal that "Plaintiffs' expert is Dan Beebe" and a copy of a report.  *See* Exhibit A.

5.      On January 18, 2023, counsel for Defendants served written objections to Plaintiffs' counsel regarding the deficient expert designations.  *See* Exhibit C.  Counsel for Defendants

requested that Plaintiffs' counsel provide a time that they could discuss the issues.  Plaintiffs' counsel sent several emails related to Defendants' timeliness objections and simply indicated that they would get back to defense counsel regarding the other objections.  There has been no further communication between counsel on these issues.

6.      Plaintiffs' counsel have failed to respond to Defendants' request to meet and confer, as required by the Court's Scheduling Order.  The Court's Scheduling Order states, in pertinent part, as follows: "The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705…within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections."  [Doc. 29] incorporated into the Amended Scheduling Order [Doc. 52].

7.      Defendants have made a reasonable effort to confer as required without success.

8.      Because time is of the essence due to the deadlines in this case, Defendants have been required to file this motion to address the expert designation issues.

9.      Instead of setting a time to meet and confer, Plaintiffs filed their Response to Defendants' Objection to Plaintiffs' Expert Disclosures [Doc. 99].  Plaintiffs' incorrectly state that Defendants "filed" their objections.  As the Court record reflects, Defendants merely served their objections and then filed a Certificate of Service reflecting that they had served their objections on Plaintiffs' counsel.  And contrary to Plaintiffs' assertions, the objections do not simply "parrot" the Federal Rules, they outline the deficiencies and provide numerous examples.

10. Plaintiffs' expert report does not sufficiently or clearly include a "complete statement of all opinions the witness will express and the basis and reasons for them" as required by FRCP 26(a)(2)(B).

11. Plaintiffs' expert report does not specifically state the facts or data considered or provide any exhibits that will be used to support the opinions as required by the Federal Rules. Instead, the unsigned Report merely provides, by way of example, the following vague statements:

a. "Among the documents I have reviewed…"

b. "including but not limited to the following: pleadings, documents produced in discovery, audio tape transcripts…" – the report then goes on to say that he understands "counsel has provided or will provide all documents relied on for the preparation of this report."[1]

c. "…the evidence I have reviewed…"[2]

d. "…based on the information reviewed to date.." – again, no description.

e. "The record I reviewed and searches I made…"

f. "I reviewed documentation indicating that an investigation…."

g. "Based on what I reviewed to date…"

h. "Based on studies and publicity…"

12. Plaintiffs' expert's report does not include a list of publications as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, or indicate that there are none.

13. In the Response to the Objections filed by Plaintiffs, Plaintiffs only responded to the issue of the disclosure being untimely and did not address the other issues raised. *See* Doc. 99.

---

[1] No such production has occurred.
[2] There is no specific description of what evidence he is referring to.

## III.  Arguments and Authorities

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides the requirements for

Disclosure of Expert Testimony:

**(2) *Disclosure of Expert Testimony.***

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii)    the facts or data considered by the witness in forming them;

> (iii)   any exhibits that will be used to summarize or support them;

> (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26.

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to

the broad discretion of the district court. *Woodworker's Supply Inc. v. Principal Mut. Life. Ins.

Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

As an initial matter, Plaintiff's Certificate of Service [Doc. 79], states that Plaintiffs served

their expert designation, along with his report, via electronic mail on Defendants' counsel of

record.  Plaintiffs' email very clearly does not conform with the requirements of Fed. R. Civ. P. 26(a)(1) or D. Kan. Rule 16.2(b) in that the disclosure does not set forth the address of each witness as well as the subject matter about which each witness is expected to testify.

Further, as it relates to the report itself, Plaintiffs' expert report does not sufficiently or clearly include a "complete statement of all opinions the witness will express and the basis and reasons for them" as required by Federal Rule of Civil Procedure 26(a)(2)(B)(i).  It is very difficult to discern the opinions of Mr. Beebe. In addition, based on language contained in the report, Mr. Beebe's "opinions" are based on facts and data, including documents, studies, and publicities, none of which are listed in his report.

Rule 26(a)(2)(B) states that the disclosure of an expert witness "must be accompanied by a written report—prepared and signed by the witness." Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them." Fed.R.Civ.P. 26(a)(2)(B)(i), (ii). *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191 (10th Cir. 2009).

This provision imposes a duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.  *See* Fed.R.Civ.P. 26 advisory committee's note ¶ 2 (1993 amend.). *Id.* Violation of this duty subjects a party to sanctions under Rule 37(c)(1), which states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

    (C) may impose other appropriate sanctions.

Fed. R. Civ. P. 37.

  The purpose of a detailed and complete expert report as contemplated by Rule 26(a) is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial. *Means v. Letcher*, 51 Fed.Appx. 281, 282 (10th Cir. 2002). In other words, the purpose of the federal expert disclosure rule is to clearly and specifically outline the expert's opinions so that a deposition is unnecessary. Plaintiffs' expert report does not do this. It is very difficult to discern the opinions of Mr. Beebe. It is equally difficult to discern the facts and data Mr. Beebe is relying on. As it stands, Defendants would have no choice but to take the expert's deposition to figure out the exact nature of his opinions and the factual basis for same.

  This Court has granted motions to strike experts for failure to specify what, if any, additional records and documents the expert has relied on. *See Holt v. Wesley Med. Ctr., LLC*, No. 00-1318-JTM, 2006 WL 5556006, at *7 (D. Kan. Jan. 25, 2006). When a party fails to make the disclosures required by Rule 26(a)(2) or provides an incomplete disclosure, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Williams v. Haubstein*, No. 22-3008-SAC-RES, 2022 WL 4547466, at *2 (D. Kan. Sept. 29, 2022); Fed. R. Civ. P. 37(c); *see also Adkins v. TFI Fam. Servs., Inc.*, No. 13-CV-2579-DDC-GLR, 2017 WL 3130587, at *2 (D. Kan. July 24, 2017) (a disclosure that does not comply with all requirements is subject to being stricken).

As Plaintiffs' "expert disclosure" and accompanying report fail to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Defendants move for an Order from the Court to strike Plaintiffs' designation. Should the Court decide to not strike the expert disclosure and allow Plaintiffs an opportunity to cure these deficiencies (which Defendants oppose), Defendants' expert disclosure deadline should be extended to 6 weeks after Plaintiff has provided compliant disclosures and report.[3]

WHEREFORE, Defendants Highland Community College, the Board of Trustees for Highland Community College, Russel Kern, Deborah Fox, and Bryan Dorrel respectfully request this Court enter an Order striking Plaintiff's expert disclosure of Dan Beebe, and for such other and further relief the Court deems just and necessary.

Respectfully submitted,

SANDERS WARREN & RUSSELL LLP

/s/ Tracy M. Hayes
Sean M. Sturdivan      KS Bar No. 21286
Tracy M. Hayes         KS Bar No. 23119
Kaitlin Marsh-Blake    KS Bar No. 26462
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrllp.com
Email: t.hayes@swrllp.com
Email: k.marsh-blake@swrllp.com
**_ATTORNEYS FOR DEFENDANTS_**

---

[3] This is the current time period per the Court's prior Order between the disclosure of Plaintiffs' experts and Defendants' experts.

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on the 1st day of February, 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

William C. Odle
The Odle Law Firm, LLC
6½ East First Street, Suite 2
Parkville, Missouri 64152
Ph: (816) 631-5220 / Fax: (816) 631-5225
Email: wodle@odlelawfirm.com


 -- And –


 Michael A. Williams KS # 19124
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Ph: (816) 945-7110
mwilliams@williamsdirks.com
***ATTORNEY FOR PLAINTIFF***


               <u>*/s/ Tracy M. Hayes*</u>
               **ATTORNEY**