# Tracy M. Hayes

| | |
|---|---|
| **From:** | Sean M. Sturdivan |
| **Sent:** | Wednesday, January 18, 2023 2:29 PM |
| **To:** | Michael Williams; William Odle |
| **Cc:** | Tracy M. Hayes; Kaitlin Marsh-Blake |
| **Subject:** | RE: Smith v. HCC - Objections to Plaintiffs' Expert Disclosure SWR 2849+22 |

Bill and Michael:

Thanks for the responses. Let me know once you've conferred and we can set a time to talk.

**Sean M. Sturdivan   |   Partner**
Sanders Warren & Russell LLP
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, KS 66210
913-234-6137 -- Direct
913-707-9150 – Cell
913-234-6199 – Fax

s.sturdivan@swrllp.com



FOLLOW US ON



EXHIBIT
C

CONFIDENTIALITY NOTICE:  Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, immediately notify the sender by telephone at 913-234-6137 and return the original message to Sean Sturdivan at s.sturdivan@swrllp.com.   Thank you.

The Missouri Bar Chief Disciplinary Counsel recommends all Missouri lawyers to notify all recipients of email that (1) email communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held  by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

**From:** Michael Williams <mwilliams@williamsdirks.com>
**Sent:** Wednesday, January 18, 2023 2:22 PM
**To:** William Odle <wodle@odlelawfirm.com>
**Cc:** Sean M. Sturdivan <s.sturdivan@swrllp.com>; Tracy M. Hayes <t.hayes@swrllp.com>; Kaitlin Marsh-Blake <k.marsh-blake@swrllp.com>; Emily Branch <emily@odlelawfirm.com>
**Subject:** Re: Smith v. HCC - Objections to Plaintiffs' Expert Disclosure SWR 2849+22

Sean:

The Expert Report was emailed to your office at 11:59 EST per the below email.  I believe service is when sent, not received.  The certificate of service is accurate from what I can see.

1

I am swamped for trial until tonight, but the report cannot be more specific since depositions have yet to be taken.  Once the facts are clear, the report can be supplemented based on the record.  After I confer with Bill on the other issues raised, I am happy to discuss this.

**From:** Emily <Emily@OdleLawFirm.com>
**Subject: Plaintiffs' Expert**
**Date:** January 12, 2023 at 12:59:45 AM EST
**To:** "Sean M. Sturdivan" <s.sturdivan@swrllp.com>, "Tracy M. Hayes" <t.hayes@swrllp.com>, Kaitlin Marsh-Blake <k.marsh-blake@swrllp.com>
**Cc:** Bill Odle <wodle@odlelawfirm.com>, Michael Williams <mwilliams@williamsdirks.com>, Carlos Flores <cflores@williamsdirks.com>, "Kathy M. Bowen" <k.bowen@swrllp.com>

*BJ Smith et al v. HCC et al*

Counsel,

Plaintiffs' expert is Dan Beebe.  Attached please find his report.

Michael A. Williams
**Williams Dirks Dameron**
1100 Main, Suite 2600
Kansas City, MO 64105
mwilliams@williamsdirks.com
Main:   (816) 945-7110
Direct: (816) 945-7175

Any U.S. federal tax advice contained in this communication (including any attachments or enclosures) was not intended or written by the author to be used, and cannot be used, for (1) avoiding penalties that may be imposed on a taxpayer or (2) promoting, marketing, or recommending to another party any transaction or other matter addressed herein.

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient and (2) is protected by the attorney-client privilege, attorney work product doctrine, or other legal rules. Any review, reliance, or distribution by others or forwarding without express permission is strictly prohibited. Please contact the sender and delete all copies if you are not the intended recipient.

On Wed, Jan 18, 2023 at 1:47 PM William Odle <wodle@odlelawfirm.com> wrote:

> Sean,
>
> As to your first objection regarding Plaintiffs' Expert's Report as untimely, I think it is deeply misplaced for several reasons.
>
> First, your email fails to even allege that Defendants were prejudiced.  I don't see how you conceivably could.  Please explain how Defendants could have possibly been harmed under the circumstances.  *See Pollard v. United States*, No. 218CV02317JPMTMP, 2021 WL 2903243, at *6 (W.D. Tenn. July 9, 2021) (party failed to show prejudice from late filing); *Hague v. Comm'r of Soc. Sec*., No. 2:18-CV-419, 2019 WL 4071718, at *2 (S.D. Ohio Aug. 28, 2019) ("the Commissioner represents that she filed her objections fewer than two hours late . . . . The Court does doubt that such a small delay in any way prejudiced Ms. Hague."); *Guevara v. UMH Properties, Inc*., No. 2:11-CV-2339-SHL-TMP, 2014 WL 5488918, at *1 (W.D. Tenn. Oct. 29, 2014) ("[Party]

cannot demonstrate prejudice from the late-filed motion"). Absent a showing of prejudice, your objection is not well-taken. *Id*.

Second, I have found over the years that quibbling over these sorts of minuscule issues is a needless waste of resources. I'm also confident that Magistrate Mitchell views such disputes dimly and will either overrule your objection for the reasons stated above or grant an alternative request for leave to file out of time—but not before we unnecessarily take up the Court's time in the process.

Finally, the deadline wasn't court-ordered; it was made by agreement of the parties. Surely if I called your cell phone at 11:58 p.m. and asked you to consent to a twelve-hour extension, I like to believe you'd agree. Especially considering the number of courtesies we've repeatedly allowed Defendants. For these reasons, I ask that Defendants withdraw this objection.

Shifting gears, per my earlier email, I'll confer with Michael regarding objections Nos. 2-4 and we can schedule a call.

Regards,

Bill

## William C. Odle

The Odle Law Firm, LLC

6 1/2 First Street, Suite 2

Parkville, Mo 64152

Tel: 816-631-5220

Cell: 816-522-5388

http://www.odlelawfirm.com



This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately. Any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the internal revenue code or (2) promoting, marketing, or recommending to others any tax-related matter(s) addressed here.

**From:** Sean M. Sturdivan <s.sturdivan@swrllp.com>
**Sent:** Wednesday, January 18, 2023 12:10 PM
**To:** William Odle <wodle@odlelawfirm.com>; Michael Williams <mwilliams@williamsdirks.com>
**Cc:** Tracy M. Hayes <t.hayes@swrllp.com>; Kaitlin Marsh-Blake <k.marsh-blake@swrllp.com>
**Subject:** RE: Smith v. HCC - Objections to Plaintiffs' Expert Disclosure SWR 2849+22

Sounds good.

**Sean M. Sturdivan   |   Partner**

Sanders Warren & Russell LLP

Compass Corporate Centre

11225 College Boulevard, Suite 450

Overland Park, KS 66210

913-234-6137 -- Direct

913-707-9150 – Cell

913-234-6199 – Fax

s.sturdivan@swrllp.com



FOLLOW US ON



CONFIDENTIALITY NOTICE:  Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, immediately notify the sender by telephone at 913-234-6137 and return the original message to Sean Sturdivan at s.sturdivan@swrllp.com.  Thank you.

The Missouri Bar Chief Disciplinary Counsel recommends all Missouri lawyers to notify all recipients of email that (1) email communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held  by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

**From:** William Odle <wodle@odlelawfirm.com>
**Sent:** Wednesday, January 18, 2023 12:09 PM
**To:** Sean M. Sturdivan <s.sturdivan@swrllp.com>; Michael Williams <mwilliams@williamsdirks.com>
**Cc:** Tracy M. Hayes <t.hayes@swrllp.com>; Kaitlin Marsh-Blake <k.marsh-blake@swrllp.com>; Emily Branch <emily@odlelawfirm.com>
**Subject:** RE: Smith v. HCC - Objections to Plaintiffs' Expert Disclosure SWR 2849+22

Sean,

I'm about to enter a meeting.  I'll get back to you after Mike and I have a chance to confer.

Bill

### William C. Odle

The Odle Law Firm, LLC

6 1/2 First Street, Suite 2

Parkville, Mo 64152

Tel:  816-631-5220

Cell: 816-522-5388

http://www.odlelawfirm.com



This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately. Any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the internal revenue code or (2) promoting, marketing, or recommending to others any tax-related matter(s) addressed here.

**From:** Sean M. Sturdivan <s.sturdivan@swrllp.com>
**Sent:** Wednesday, January 18, 2023 12:03 PM
**To:** Michael Williams <mwilliams@williamsdirks.com>; William Odle <wodle@odlelawfirm.com>
**Cc:** Tracy M. Hayes <t.hayes@swrllp.com>; Kaitlin Marsh-Blake <k.marsh-blake@swrllp.com>
**Subject:** Smith v. HCC - Objections to Plaintiffs' Expert Disclosure SWR 2849+22

Counsel:

We are in receipt of Plaintiffs' Expert Designation.  Please consider this Defendants' objections to the expert disclosure pursuant to the Court's Scheduling Order requiring that any objections be served within 14 days after service of the expert disclosure.  Please let us know a time in the next week that you are available to meet and confer regarding these issues.

**Objections**

1. The disclosure was untimely.  Pursuant to the Amended Scheduling Order entered by the Court, Plaintiffs' expert disclosures were due January 4, 2023.  Per agreement of the parties, that deadline was extended to January 11, 2023.  There were no further extensions.  Plaintiffs' disclosure was, in fact and contrary to the Certificate of Service filed with the Court, on January 12, 2023.  In this regard, we would ask that you correct the Certificate of Service and it's our position that your expert disclosure is untimely.

2. Plaintiffs' expert report does not sufficiently or clearly include a "complete statement of all opinions the witness will express and the basis and reasons for them" as required by FRCP 26(a)(2)(B).  As you well know, the purpose of the federal expert disclosure rules is to clearly and specifically outline the expert's opinions so that a deposition is not necessary.  Plaintiffs' expert report does not do this.  It's very difficult to discern the opinions.  It's equally difficult to discern what facts and data Mr. Beebe is relying on.  As it stands now, defendants have no choice but to take the expert's deposition in order to figure out the exact nature of his opinions and the factual basis for same.

3. Plaintiffs' expert report also does not specifically state the facts or data considered or provide any exhibits that will be used to support the opinions.  In fact, the expert's unsigned report improperly states as follows:

    a. "Among the documents I have reviewed…"
    b. "including but not limited to the following: pleadings, documents produced in discovery, audio tape transcripts…" – the report then goes on to say that he understands "counsel has provided or will provide all documents relied on for the preparation of this report."  There has been no such production.  We have not received anything from Plaintiffs regarding the documents relied upon.
    c. "…the evidence I have reviewed…" – without any specific description of the evidence to which he is referring.
    d. "…based on the information reviewed to date.." – again, no description.
    e. "The record I reviewed and searches I made…" without any specific description of what record he reviewed.
    f. "I reviewed documentation indicating that an investigation…." – what documentation?
    g. "Based on what I reviewed to date…" – no specific indication of what he reviewed.
    h. "Based on studies and publicity…" – what studies and publicity?  No specifics provided.

4. Plaintiff's expert disclosure does not include a list of publications.  Perhaps he has none.  If so, that's fine but we need clarification on that issue.

I look forward to hearing from you on these issues and to getting a day and time for a discussion about the same.

**Sean M. Sturdivan   |   Partner**

Sanders Warren & Russell LLP

7

Compass Corporate Centre

11225 College Boulevard, Suite 450

Overland Park, KS 66210

913-234-6137 -- Direct

913-707-9150 – Cell

913-234-6199 – Fax

s.sturdivan@swrllp.com



FOLLOW US ON



CONFIDENTIALITY NOTICE:  Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately.  Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, immediately notify the sender by telephone at 913-234-6137 and return the original message to Sean Sturdivan at s.sturdivan@swrllp.com.  Thank you.

The Missouri Bar Chief Disciplinary Counsel recommends all Missouri lawyers to notify all recipients of email that (1) email communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held  by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.