IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| B.J. SMITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HIGHLAND COMMUNITY COLLEGE, et al.,<br><br>Defendants. | Case No. 22-2048-JAR-ADM |

**MEMORANDUM AND ORDER**

Plaintiffs B.J Smith, Bradford Zinn, and Jered Ross filed this action against defendants Highland Community College ("HCC"), the HCC Board of Trustees, board member Russell Karn, HCC president Deborah Fox, and HCC Athletic Director Bryan Dorrel alleging numerous violations of their constitutional and statutory rights arising from their termination as coaches of HCC's women's basketball team. Now before the court is plaintiffs' Motion for Rule 37 Sanctions Against Defendants for Intentional Spoliation of ESI. (ECF 110.) By way of this motion, plaintiffs ask the court to enter judgment in their favor against all defendants because HCC "deleted a substantial amount of content from its website while at the same time fabricating false and defamatory content aimed at Plaintiffs." (*Id.* at 1.) For the reasons discussed below, the motion is denied.

I.  **Factual Background**

HCC is a public, two-year junior college located in Highland, Kansas. Plaintiffs coached HCC's women's basketball team: Smith as head coach since 2011, Zinn as assistant coach since 2017, and Ross as assistant coach since 2019. In December 2019, HCC accused plaintiffs of

violating the rules of the National Junior College Athletic Association ("NJCAA") and of academic misconduct. Among other things, HCC accused the coaches of doing players' homework and Smith of violating student-athlete housing rules. HCC then suspended plaintiffs and, in the spring of 2020, terminated their employment. Plaintiffs brought this suit in February 2022, alleging that HCC terminated them not for violating NJCAA rules, but in retaliation for not complying with defendants' requests to stop recruiting African American players in favor of white players. (ECF 1.)

At some time after HCC terminated plaintiffs, HCC updated its athletic-department website. The updated website lists the women's basketball coaches for the 2019-2020 season as two women and removed any reference to plaintiffs. (ECF 111-1 at 5.) According to plaintiffs, HCC further altered statistics of Black student athletes on its website.

In the current motion, plaintiffs now contend that HCC's website changes amount to spoliation of electronically stored information ("ESI"), warranting the sanction of dismissal under Federal Rule of Civil Procedure 37(e).

**II.     Analysis**

Plaintiffs' motion is underdeveloped and deficient on both procedural and substantive grounds. First, D. Kan. Rule 37.2 requires parties to confer with opposing parties in an attempt to resolve issues in dispute before filing a motion under Federal Rules of Civil Procedures 26-37. Plaintiffs admit that their counsel did not contact or attempt to confer with defense counsel about this matter before filing the current motion. (ECF 131, at 3.) So the first time defendants learned about plaintiffs' concerns over the altered HCC website was when plaintiffs filed their spoliation motion. (ECF 124, at 7-8.) Had plaintiffs adequately conferred, they would have learned that

defendants preserved a copy of earlier iterations of the website, as discussed below. The court places no merit in plaintiffs' argument that they had no duty to confer because discovery is not at issue in the dispute. Plaintiffs specifically bring their motion under Rule 37, which by its title governs "failures to make disclosures or to cooperate in discovery."

Second, even if plaintiffs had no meet-and-confer obligations (or had complied with their obligations), the court would deny their motion. Spoliation occurs when a party with a duty to preserve evidence destroys or significantly alters the evidence, or fails to preserve potential evidence when litigation is pending or foreseeable. *See Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1194–95 (D. Utah 2011) (quoting *Asher Assocs. v. Baker Hughes Oilfield Operations,* No. 07–cv–01379, 2009 WL 1328483, at *5 (D. Colo. May 12, 2009)). Here, plaintiffs have failed to demonstrate that defendants *destroyed* or significantly altered *evidence*. Although defendants admit to altering their athletic website, they represent that they preserved a copy of the old version of the website. (ECF 124, at 4, 7, 9.) Plaintiffs do not refute this statement. They have not directed the court's attention to any discovery request by which they sought a copy of the former version of the website, accompanied by a response from defendants suggesting they are unable or unwilling to fulfill that request. *See id.* at 8 (stating plaintiffs did not request the ESI). Thus, the only inference that can be drawn from the record is that both the former and new version of the website still exist. The mere fact that HCC's public website no longer includes certain information does not show that HCC destroyed or failed to preserve ESI. Plaintiffs may have some type of remedy—evidentiary or otherwise—based on HCC's alteration of its website. But whatever that remedy might be, it does not amount to spoliation.

Finally, Rule 37(e) directs that when a party fails to preserve ESI that it had a duty to preserve *and* "it cannot be restored or replaced through additional discovery," the court may sanction the party.  "It applies only when such information is lost."  FED. R. CIV. P. 37, Advisory Committee Notes to Subdivision (e)(2) (2015 Amendment).  Here again, plaintiffs do not assert that the earlier version of the HCC website cannot be restored or replaced.  In fact, plaintiffs themselves suggest that they possess an archived copy of the website.  Accordingly, plaintiffs have not established that they are entitled to relief under this rule.

For all of these reasons, the court denies plaintiffs' motion for spoliation sanctions.  The court need not delve further into the myriad reasons why plaintiffs would not be entitled to the extraordinary remedy of judgment on the merits.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Rule 37 Sanctions Against Defendants for Intentional Spoliation of ESI (ECF 110) is denied.

Dated March 9, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge